JOHN W. BOWIE, administrator, plaintiff in error, *vs.* JAMES J. FINDLY *et al.*, defendants in error.

1. Where a case is dismissed before trial, the interrogatories taken therein which have not been read in evidence, are also out of court, unless there is some order or agreement of parties to the contrary. In order to allow the interrogatories to be read in another case upon substantially the same issue and between substantially the same parties, some good reason should be shown, either that the witness is dead, disqualified or inaccessible.

2. There was sufficient evidence to sustain the verdict.

Practice in the Superior Court. Interrogatories. Evidence. New trial. Before Judge RICE. Hall Superior Court. September term, 1875.

Sufficiently reported in the decision.

JOHN L. WIMPY; EMORY SPEER; N. L. HUTCHINS, for plaintiff in error.

ESTES & BOYD; J. F. LANGSTON; J. N. DORSEY, for defendants.

WARNER, Chief Justice.

This was a bill filed by complainant against the defendants, praying for the rescission and cancellation of a contract for the exchange of certain described lands specified in the complainant's bill, on the ground of alleged misrepresentation and fraud as to the defendants' unincumbered title to the lands which were exchanged for the complainant's lands. On the trial of the case the jury, under the charge of the court, found a verdict in favor of the defendants. A motion was made for a new trial on the ground that the verdict was contrary to the charge of the court, and because the court erred in ruling out the interrogatories of C. B. Wellborn, and because the verdict was contrary to the evidence and the weight of the evidence; which motion for a new trial was overruled, and the complainant excepted.

1. The general rule of practice in our courts is believed to have been, that when a case has been dismissed before any trial has been had, that the entire case is out of court, including the interrogatories taken in that case which have not been read in evidence, unless there is some order of the court, or agreement of the parties, that the same may be used and read in another case. In order to take a case out of that general rule, and to allow the interrogatories taken in the dismissed case to be read in another case upon substantially the same issue, and between substantially the same parties, some good reason should be at least shown, either that the witness is dead, or disqualified, or is not accessible. If it is sought to use the testimony of the witness taken in the dismissed case on the trial of another case upon substantially the same issue, between substantially the same parties on either of the grounds before stated, reasonable notice should be given by the party seeking to introduce it to the adverse party, of his intention to do so, and of the grounds therefor. In the case now before us it does not appear that the witness is dead, or disqualified, or that he was not as accessible to have been examined in this case as when he was examined in the dismissed case, and no

notice was given to the defendants of the intention of the complainant to introduce the evidence of the witness taken in the dismissed case, and for these reasons the interrogatories of the witness taken in the dismissed case were properly ruled out by the court.

2. Whether the verdict was contrary to the charge of the court depends altogether upon the opinion the jury entertained of the evidence before them. The charge of the court was substantially correct, in view of the facts of the case, and the question of fraud in the exchange of the property was exclusively a question for the jury, under the evidence and charge of the court, and they having found in favor of the defendants there is sufficient evidence in the record to sustain the verdict, and as the presiding judge, before whom the case was tried, was satisfied with it we will not interfere to control his discretion in refusing the motion for a new trial.

Let the judgment of the court below be affirmed.