BROYLES, receiver, *v.* PRISOCK.

1. It was competent for the plaintiff in an action for damages resulting from personal injuries to testify that when injured he was earning a stated monthly salary as assistant jailer, it appearing that because of the injuries he was deprived of this situation and his salary in connection therewith for three months. The evidence was admissible not only to show the actual loss of salary for that period, as a basis for computing in part his damages, but also to throw light generally upon his capacity to earn money.

2. What instructions should be given to witnesses by the trial judge upon their separation during a suspension of the trial, is a matter for his discretion which this court will not control unless plainly and palpably abused, which was not done in the present case.

3. Even if it be within the discretion of the trial judge, over objection by either party, to allow the jury in the trial of an action for damages to inspect the place where an alleged injury occurred, this court will not reverse his action in refusing so to do, when it affirmatively appears that material physical changes had occurred in the character of the premises between the time of the injury and the time of the trial.

4. Exclamations or complaints made by a person undergoing physical examination by a physician with a view to ascertaining the extent of his alleged injuries, and apparently made in response to manipulations of the person's body or members by the physician, are admissible in evidence, though such person was not under the treatment of this particular physician and the examination was being made solely for the purpose indicated. Whether or not the exclamations were involuntary, or the complaints were *bona fide*, is for determination by the jury under all the evidence submitted.

5. The reasonableness or unreasonableness of a city ordinance with reference to its application to a particular locality not being involved in the case, and there being no request to charge on this subject, an omission to do so was not error.

6. The standard of ordinary care and diligence by which the conduct of a particular person under given circumstances is to be judged, is one which the jury must derive from their observation, their common sense and their common knowledge and experience. The charge in this case was in accord with this rule.

7. There was no error in admitting evidence nor in refusing to charge as requested, nor in the charges complained of. The

evidence warranted the verdict, and there was no abuse of discretion in denying a new trial.

January 13, 1896.

Action for damages. Before Judge Lumpkin. Fulton superior court. March term, 1895.

*N. J. & T. A. Hammond,* for plaintiff in error.
*R. B. Blackburn,* contra.

Simmons, Chief Justice.

Prisock sued the receiver of the Metropolitan Street Railroad Company for damages which he alleged were sustained by him in consequence of his having been struck and run upon by an engine and cars operated by the defendant, while he was in the act of crossing the railroad track at the intersection of Hunter street and Frazier street in the city of Atlanta. He obtained a verdict for $800, and the defendant made a motion for a new trial, which was overruled, and the defendant excepted.

1. It is complained in the motion for a new trial, that the court erred in allowing the plaintiff to testify that at the time of his injury he was making a monthly salary of $50 as assistant jailer of Fulton county jail, over objection that this did not show or tend to show how much he could earn by his labor. The court did not err in admitting this testimony. It appeared that, because of the injuries complained of, the plaintiff was deprived of the situation referred to, and his salary in connection therewith, for three months; and the evidence was admissible not only to show the actual loss of salary for that period, as a basis for computing in part his damages, but also to throw light generally upon his capacity to earn money.

2. When the trial began, the witnesses were sworn and put under the rule, those not examined being required to remain out of the hearing of the witness testifying. When the court was about to adjourn on Friday to Monday, defendant's counsel requested the court to instruct all the

witnesses not to talk among themselves or to any one in reference to the case during the adjournment. Plaintiff's counsel objected. The court had all the witnesses called in, and instructed them not to allow any witness who had testified to communicate anything to them that had been testified to on the stand, and specially instructed the plaintiff not to say anything to the witnesses in reference to what he had testified. No witness but the plaintiff had been examined, and his examination had not been concluded. It is alleged that the court erred in instructing the witnesses as requested, and in restricting the instructions within the limits mentioned. What instructions should be given to witnesses under such circumstances is a matter within the discretion of the trial judge; and this court will not control his discretion in such a case unless plainly and palpably abused, and this was not done in the present case.

3. The plaintiff's testimony having been concluded, counsel for the defendant moved that the jury be permitted to go to the place where the injury occurred and view the premises. It appeared from the evidence that since the time of the injury, material physical changes had occurred in the character of the premises; and upon this ground plaintiff's counsel objected to the granting of the request. It was further objected that there was no power in the court to grant such a request over the protest of the opposite party. The court stated that for the present he would overrule the motion; but that if counsel could find authority in point thereafter and show it to the court, he would reverse his ruling. The defendant complains that this was error, and that the examination ought to have been allowed before defendant's testimony was opened.

There is some conflict of authority as to whether, in the absence of a statute authorizing a view of the premises by the jury, it is competent for the court to order a view against the objection of a party. (See 1 Thompson on Trials, §882; Springer v. City of Chicago, 35 Am. & Eng.

Corp. Cases, 183.)   In the case of the *Mayor and Alder-men of Milledgeville* v. *Brown*, 87 *Ga.* 599, it appeared that the jury were permitted to visit the scene of the injury and make a personal examination of the premises, and Justice Lumpkin, in referring to this as showing that the jury had a good opportunity for arriving at a correct conclusion as to whether the city authorities were negligent or not, remarked incidentally that it was a good practice; but in that case counsel on both sides consented to the view of the premises by the jury, and no question was made as to the power or duty of the court in such cases.   Assuming, however, that it is within the power of the trial judge to allow the jury to inspect the premises, over objection by either party, this court will not reverse his action in refusing to do so, when it affirmatively appears, as it did here, that there have been material changes in the premises between the time of the injury and the time of the trial.

4. A physical examination of the plaintiff for the purpose of ascertaining the extent of his injuries was made by Dr. Hurt, a physician employed by the defendant.   At the trial a physician who assisted in the examination was introduced as a witness, and was asked by counsel for the plaintiff:   "What, if any, complaint did Mr. Prisock make at the time that Dr. Hurt examined him?"   Counsel for the defendant objected to the complaints of the plaintiff, because Dr. Hurt was not then treating him.   The court replied that it was admissible to show whether when the arm was moved he did complain.   The witness was then asked: "At the time that Dr. Hurt was moving the arm of Mr. Prisock backwards and forwards, or trying to do so, trying to straighten it, what complaint did Mr. Prisock make at that time relative to the movement that Dr. Hurt was trying to give in the operation, as to pain and suffering?" The witness answered:   "On pressure, he complained of pain in the operation of the supposed fracture in the upper part of the arm.   We can't say whether it was fractured or

not. There seems to be remnants of *callus* at present. He complained that there was great pain there, on pressure, and also, in raising the arm up over the shoulder, that there was pain in the same region." Counsel asked: "What evidence of suffering did he show when Dr. Hurt examined him in the side?" The witness answered: "He said it pained him, when he pressed on the side." Counsel for the defendant contended that such complaints were not admissible, and that the court erred in allowing this testimony.

We think the court was right in overruling the objection to this testimony. Complaints of pain which are made apparently in response to manipulation of the person do not come within the rule which excludes hearsay and self-serving declarations, and it is not necessary, in order to render them admissible, that they should be made to a physician for the purpose of treatment. Such complaints are regarded as manifestations of pain, as a part of the *res gestae* of the pain, and are not classed with mere descriptive statements. They are received as original evidence, and may be testified to by any person in whose presence they are uttered. In the case of *Atlanta Street Railroad Company v. Walker*, 93 *Ga.* 462, which was relied upon by counsel for the plaintiff in error, it did not appear that the complaints were of this character. In the opinion of the court, Bleckley, C. J., refers to the case of Roche *v.* Brooklyn etc. R. Co., 105 N. Y. 294, the reasoning of which, he says, is "entirely satisfactory," and in that case it was said that although declarations of the party injured made some time after the injury, simply to the effect that he is suffering pain, when not made to a physician for the purpose of professional attendance, are not competent, the rule is different as to involuntary and natural exhibitions of pain, such as exclamations indicative of pain when the person is touched, etc. See also Hagenlocher *v.* R. Co., 99 N. Y. 136, where such evidence was held admissible. Numerous other authorities could be cited to the same effect. Such

expressions of pain it is true may be simulated, and when made after the party has instituted suit on account of the alleged injury, may well be distrusted; but this goes to the weight of the evidence and not to its competency. Whether or not the exclamations were involuntary or the complaints were *bona fide*, is for determination by the jury under all the evidence submitted. See on this subject an instructive article entitled "Declarations of Pain and Suffering," 22 Central Law Journal, p. 509, in which numerous cases are cited and discussed.

5. Certain ordinances of the City of Atlanta touching speed of cars, ringing of bells, etc., were in evidence; and the court charged the jury, in substance, that if the defendant's servants in charge of the engine and car violated these ordinances and ran over the street crossing at a speed greater than that allowed by the ordinances, this would be negligence. The defendant contends that this was error, because it took from the jury the consideration of the reasonableness or unreasonableness of the ordinances or either of them. It appears from the certificate of the judge, that no charge on this question was requested on the part of the defendant, and no such question was raised on the trial. Besides, it appears from the evidence that the place where the injury occurred was near the center of the city, and in a populous locality; and there could be no question of the reasonableness of the ordinances as applied to that locality. See *Metropolitan Street Railroad Company* v. *Johnson*, 90 *Ga.* 506, 507.

6. The court, in charging the jury as to the degree of care required of a person when about to cross the track of a railroad, said: "The precise thing that every man is bound to do before stepping upon a railroad track, is that which every prudent man would do under like circumstances. If you believe from the evidence that every prudent man would look and listen, so must every one else, or take the consequences, so far as the consequences might have been.

avoided by that means," etc. It was contended that the instruction that if the jury believed "from the evidence" every prudent man would look and listen, so must every one else, etc., was erroneous, as the jury are supposed to know what prudent men would do under such circumstances, and are not required to ascertain it from the evidence. It is true the question of what prudent men would do under given circumstances is to be determined by the jury from their own observation, their common sense and their common knowledge and experience; but we do not think the charge of the court was calculated to mislead the jury on this point. What the court doubtless meant, and was doubtless understood by the jury to mean, was that if they believed that under the circumstances shown by the evidence prudent men would look and listen, so must every one else, etc. In addition to the language above quoted, the court charged at considerable length on this subject, and we do not think there could have been any room for the jury to infer that they were precluded from relying upon their general knowledge and experience in arriving at a conclusion as to what would have been the conduct of prudent men under the circumstances in evidence.

7. Several of the remaining grounds of the motion for a new trial were not insisted upon, and others are so clearly without merit that it would be unprofitable to deal with them specifically. The requests to charge, so far as they were proper, were covered by the charge given. There was no error in admitting evidence. The evidence warranted the verdict, and there was no abuse of discretion in denying a new trial.　　　　*Judgment affirmed.*