### 3715.   PETERSON & LOTT v. LOTT.

There being no statute in this State permitting a trial judge to authorize the jury to leave the court-room and inspect personal property which is the subject-matter of the action, it is error to permit such an inspection to be made, over the objection of counsel for one of the parties.   This case is distinguished from that of *Jones* v. *Royster Guano Company*, 6 *Ga. App.* 506 (65 S. E. 361), by the fact that the right of trial by view in real and mixed actions existed at common law.

DECIDED SEPTEMBER 27, 1912.

Levy and claim; from city court of Baxley—Judge Sellers.   July 17, 1911.

*Parker & Highsmith, F. Willis Dart*, for plaintiffs.

*Levi O'Steen, Wade H. Watson*, contra.

RUSSELL, J.   This was a claim case.   The property involved was personal property.   It is assigned as error that the court permitted the jury, over the objection of the plaintiff in fi. fa., to go out into the court-yard and view the mule which had been levied on and which was claimed.   At common law an inspection is permitted where the subject-matter of the suit is real or mixed property, but the jury could not view personal property if such was the subject of litigation.   Inasmuch as by our adopting statute of 1784 the common law became of force in this State, it would seem that a trial court is not authorized, as a matter of judicial discretion, to have personal property, when such personal property is

the subject-matter of the action, inspected by a jury. Perhaps the consent of both parties will be such a waiver of the error that neither could except. But it is our opinion that if either party objected it would be ground for a new trial. At common law the right to demand a view appertained only to real and mixed actions. "In the United States," as said by Mr. Thompson, in his work on Trials (§ 881), "the subject is one generally of statutory regulation, and it has been held not competent for the court to order a view against the objection of a party, except in cases where the view is authorized by statute." It is further pointed out by Mr. Thompson that the courts proceed upon the conception that it is more in consonance with the theory and method of judicial trials that the jury should base their finding solely upon sworn testimony, taken in open court, or upon depositions taken as provided by law. Only four States in the Union (one of which is Georgia) have failed to regulate the matter by statute; Alabama, Louisiana, and Maryland being the other three.

The Supreme Court, in the case of *Broyles* v. *Prisock,* 97 *Ga.* 643 (25 S. E. 389), seemed to be doubtful if it was within the discretion of the trial judge, over the objection of either party, to allow an inspection of the premises in an action for damages, and would not reverse his action in refusing to do so; basing this ruling upon the ground that it affirmatively appeared that material physical changes had occurred in the character of the premises between the time of the injury and the time of the trial. We may assume from this that the ruling might have been different if it had appeared that the premises were in practically the same condition at the time the motion was made that they were in at the time of the injury. Upon this ruling in the *Broyles* case, Judge Cobb held, in the case of *Johnson* v. *Winship Machine Co.,* 108 *Ga.* 555 (33 S. E. 1014) : "It is doubtful whether an application to allow the jury to inspect the property which is involved in a suit is allowable at all, except by consent of all the parties to the case." However, in *County of Bibb* v. *Reese,* 115 *Ga.* 346 (41 S. E. 636), a ruling was made upon authority, and Chief Justice Simmons, delivering the opinion of the court, said : "It seems that at common law this right of the judge to permit the jury to view the premises existed only in real and mixed actions, and did not extend to personal actions and criminal cases without the consent of both

parties. The legislature of this State having in 1784 adopted the common law of England as it existed prior to 1776, including this right of trial by view in the discretion of the trial judge, and no repealing statute ever having been passed, that law is still in force in Georgia; as much so as if the legislature had expressly enacted it. The present case being an action to recover damages to land, the trial judge had the right, with or without the consent of the parties, to direct the jury to view the premises." As the case of *Jones* v. *Royster Guano Company*, 6 *Ga. App.* 506 (65 S. E. 361), in which this question was involved, was, like the case of *County of Bibb* v. *Reese*, supra, an action to recover damages to land, the ruling in the latter case was cited and followed. But in the present case the property (which one party desired the jury to view, and to the view of which the other party objected) was personal property (a mule), and as a view of personal property was not permitted by the common law, the judge erred in overruling the objection and in permitting the view. It would seem to be in the interest of justice that all avenues for the entry of truth should be permitted, and that the jury should be given the very fullest opportunity to know the exact truth in regard to every material matter involved in a legal investigation; and, for ourselves, we see no reason for any valid distinction between a view of real property and personal property, other than the greater liability of the latter to be subject to alteration and change, and even this could be controlled by evidence as to whether there had been any alteration of the subject-matter or not. But, as was remarked by Chief Justice Simmons, in *County of Bibb* v. *Reese*, supra, the adoption of the common law fixed the status of the law of Georgia upon the subject, and, in the absence of any legislation authorizing the court to permit a view of personal property which is the subject of dispute, it is error to direct the jury to view the property, especially if either party objects.                  *Judgment reversed.*