20981. ATLANTA COCA-COLA BOTTLING CO. *v.* SIMS.

DECIDED AUGUST 29, 1931.

*Harold Hirsch, Marion Smith, T. J. Long, D. F. McClatchey Jr.,* for plaintiff in error.

*Hewlett & Dennis,* contra.

BELL, J. Mrs. Sims sued the bottling company for 'damages, alleging that in drinking a beverage prepared and marketed by the defendant she was injured by a foreign and deleterious substance contained therein. The jury found a verdict for the plaintiff, and the defendant excepted to the overruling of its motion for a new trial.

The general grounds of the motion are not insisted upon, and the only question for decision is whether the court should have granted a new trial because of the following transaction, which occurred in open court and apparently in the presence of the jury: Mr. Hirsch, of counsel for the defendant, said, "I request Mr. Dennis [of counsel for the plaintiff] to join with me in permitting the jury to visit the plant of the Atlanta Coca-Cola Bottling Company;" whereupon the presiding judge made the statement, "I don't think that is a proper request to call upon him to take any stand about it; I think the law only permits inspection in real or mixed actions. I will not grant the request." This colloquy is relied on to show error, from two angles: (1) In the original motion it is treated as a request to the court that the jury be allowed to visit the plant of the defendant and observe the process employed by the defendant in the bottling of its product, and it is claimed that the request was refused by the judge on the idea that as a matter of law he was without any authority or discretion to permit the jury to make such inspection. (2) In the amendment to the motion it is contended "that the court erred in that counsel for plaintiff was not allowed to state whether or not he consented to permit the jury to visit the plant of the defendant, but the court ruled as a matter of law that the consent or non-consent of counsel for plaintiff was immaterial, in that the court would have no discretion to grant a view of said premises even if counsel for plaintiff consented to said view."

In *County of Bibb* v. *Reese,* 115 *Ga.* 346 (3), 348 (41 S. E. 636), the Supreme Court said that the right of the court to allow a jury to view premises was governed in this State by the common law, and that according to the law of England of force at the date of our adopting statute the presiding judge was authorized in his discretion to permit such view, "in all real and mixed actions," but that it "seems" this right of the judge did not extend to other causes, such as personal actions and criminal cases, without the

consent of both parties. Counsel for the plaintiff in error say that this last statement was not only an incorrect interpretation of the common law, but was a mere dictum and is not binding as a precedent.

The statement was followed and applied by this court in *Peterson* v. *Lott*, 11 *Ga. App.* 536 (75 S. E. 834), and there is no contention that the question was not directly presented in that case. It is insisted, however, that under the true common-law rule the trial judge has the power to allow a view by the jury, not only in real and mixed actions, but in any case where he is of the opinion that such procedure will tend to facilitate the discovery of the truth and to promote the ends of justice; and it is suggested that we now certify the question to the Supreme Court in the event the *Reese* and *Peterson* cases should be considered as obstacles in the way of a decision favorable to the plaintiff in error.

We do not think the record in this case would authorize a reversal of the judgment of the trial court, even if we should agree that the presiding judge was in error in stating that "the law only permits inspection in real or mixed actions;" and being of this opinion, we will attempt no decision upon the merits of the question.

By statute of Anne, enacted in 1705, it was provided that "in any action brought in any of her Majesty's courts at Westminster, where it shall appear to the court in which such actions are depending, that it will be proper and necessary that the jurors, who are to try the issues in such actions, should have the view of the messuages, lands, or place in question, in order to their better understanding the evidence that will be given upon the trial of such issues, in every such case the respective courts in which such actions shall be depending may order special writs of distringas or habeas corpora to issue, by which the sheriff or such other officer to whom the said writs shall be directed shall be commanded to have six out of the first twelve of the jurors named in such writs or some greater number of them at the place in question." 4 Anne, c. 16, §§ 8, 11, Statutes at Large, 157.

In 1757 it was said by Lord Mansfield that even before this statute, "the rule for a view depended upon the previous opinion of the court or judge, at the trial, 'that the nature of the question made a view not only proper but necessary'; for the judges at the assizes were not to give way to the delay and expense of a view un-

less they saw that a case could not be understood without one." 1 Burr. 252; 2 Wigmore on Evidence (2d ed.), 696, § 1164.

Thus, the rule in England, whether founded upon the statute or the previous court practice, was that the court would permit a view or inspection by the jury only where it appeared to be proper and necessary to a better understanding of the evidence to be given upon the trial. In the motion for a new trial in the present case there is no suggestion that an inspection of the premises would have afforded the means whereby the jury could the better or more clearly have understood the evidence upon the issues involved. A ground of a motion for a new trial must be complete within itself, and where a party contends that the court erred in refusing to exercise a discretion in a given matter, he ought to show that the facts were such as to authorize the exercise of such discretion. In the absence of anything to indicate that the jury were unable easily to decide the questions upon the testimony, or that there was any difficulty which might have been removed by a view of the premises, it does not appear that there was any occasion for the presiding judge to exercise a discretion as to permitting the jury to visit the plant of the defendant. It is therefore immaterial, for the purposes of this case, that he may have entertained and expressed an erroneous opinion as to his authority in the matter. In other words, if we should reach the conclusion that the court may permit a view by the jury in a case of this kind, irrespective of the consent of the parties, we would still feel unauthorized to reverse the judgment, where the motion for a new trial contains no statement of facts or other matter to illustrate that the duty of exercising such discretion was involved in the particular case. There is nothing to show that the defendant could possibly have been harmed by the court's failure to consider its request upon the merits.

While the question dealt with in the brief of counsel for the plaintiff in error may be one of general importance, we think it is presented only in the abstract; whereas in the decision of law questions we as a court are confined to the concrete, and can not undertake to settle moot or academic questions.

See, in this connection, *Linder* v. *Brown,* 137 *Ga.* 352 (2) (73 S. E. 734), and cit. Kemster v. Deacon, 1 Lord Raymond, 76; Atty.-Gen. v. Green, 1 Price, 129; People v. Thorn, 156 N. Y. 286 (50 N. E. 947, 42 L. R. A. 368); 2 Wigmore on Ev. (2d ed.), 690, §§ 1163, 1164; 3 Jones on Ev. § 1403; 38 Cyc. 1313.

■ There is no merit in the contention that the court erred in ruling that counsel for the plaintiff was not required to respond to the request of defendant's counsel to join in permitting the jury to visit the plant of the defendant. The request was directed not to the court, but to the attorney for the plaintiff, and the action of the court did not prevent the plaintiff's counsel from entering into a voluntary agreement regarding the matter. Furthermore, it was not good practice to make the request in the presence of the jury, and the court very properly interposed to prevent what could have amounted to an embarrassment of the plaintiff's counsel, in that a negative reply might have tended to prejudice the plaintiff's case in the eyes of the jury. *Bostock* v. *State,* 61 *Ga.* 635 (3).

There are still other reasons why this assignment of error fails to show cause for a new trial. To repeat what is said in the preceding division, it does not appear that the defendant could have been prejudiced by its failure to obtain a view of the premises by the jury. Again, this ground of the motion relates to no ruling or order which could properly be made the subject-matter of exception. The defendant's attorney did not need the permission of the court to enable him to make a request of this sort of the plaintiff's counsel, and the statement of the presiding judge did not deny the defendant any right which it had under the law. The exception fails to present a juridic question, and in no view could it be held to show reversible error. In these circumstances, this court would not feel justified in reviewing its own decision in the *Peterson* case, or in certifying any question to the Supreme Court for the purpose of testing the *Reese* case.

*Judgment affirmed. Stephens, J., concurs. Jenkins, P. J., disqualified.*