37550. AETNA CASUALTY & SURETY COMPANY *et al. v.*
PULLIAM.

DECIDED APRIL 8, 1959.

*Matthews, Maddox, Walton & Smith, John W. Maddox,* for plaintiffs in error.

*Gary Hamilton, Maddox & Maddox, James Maddox,* contra.

FELTON, Chief Judge. ■ The immediate cause of death was listed in the death certificate as "coronary thrombosis presumably?". This certificate was signed by a physician who was not an "attending physician". Therefore, the certificate was not completed in accordance with either Code (Ann.) § 88-1116 (2), pertaining to certificates where there was an attending physician or Code (Ann.) § 88-1116 (3), which pertains to certificates where there is no attending physician; and since the certificate was not executed as prescribed by Code (Ann.) § 88-1116, the certificate is not prima facie evidence of the facts stated therein. *Bituminous Casualty Corp.* v. *Elliott,* 70 *Ga. App.* 325, 329 (28 S. E. 2d 392).

■ The evidence showed that, from fifteen to twenty-five minutes prior to the time the deceased was found in a dying condition, he had walked down and back up a flight of twenty-eight steps. The testimony of Dr. Andrews was that in his opinion the deceased either died from a coronary occlusion or cerebral hemorrhage which could have been caused by the exertion in descending and ascending the stairs. It matters little whether the deceased died from cerebral hemorrhage or coronary occlusion. If it was a cerebral hemorrhage the case of *Hartford Accident &c. Co.* v. *Waters*, 87 *Ga. App.* 117 (73 S. E. 2d 70) is applicable. Where death ensues directly and immediately from a coronary occlusion, the principle is the same as that announced in the *Waters* case as to cerebral hemorrhage.

From the testimony of Dr. Andrews and other circumstances shown by the evidence, the hearing director was authorized to find that the deceased died either from a cerebral hemorrhage or a coronary occlusion (under the facts of the case it does not matter which) which was precipitated by the exertion expended in the performance of his employment duties.

The court did not err in affirming the award.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*