39752. SAVANNAH TRANSIT COMPANY v. WILLIAMS.

DECIDED JANUARY 10, 1963.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Kirk Mc-Alpin, Frank W. Seiler,* for plaintiff in error.

*Cail & Benton, Kenneth Cail, Andrew Benton,* contra.

JORDAN, Judge. 1. It is contended by the defendant transit company that the evidence demanded a finding that the collision which gave rise to the plaintiff's injuries was caused solely by the negligence of Griffen, the original codefendant, and that the trial court therefore erred in denying its motion for judgment notwithstanding the verdict. The evidence in this regard disclosed that at the time of the occurrence complained of the transit company's bus was traveling east on President Street Extension in Savannah, Georgia; that said street is a three-lane street, carrying traffic both east and west, and that the center lane is used as a passing lane; that the automobile being operated by Griffen was also traveling east on President Street Extension, being in the right-hand lane; that the defendant's bus entered the center lane in an attempt to pass Griffen's automobile and that when said bus was approximately parallel to the Griffen automobile, Griffen attempted to move from the right lane into the center lane, which was occupied by the defendant's bus, without any warning or signal of any kind; and that said automobile struck the defendant's bus causing the driver to lose control of his vehicle whereupon the bus ran down an embank-

ment and struck a utility pole, thereby causing the injuries to the plaintiff. While this evidence disclosed that the defendant's bus was in the center or passing lane at the time it was struck by the automobile operated by Griffen, the evidence further authorized the finding that, shortly before the defendant's driver attempted to pass the Griffen automobile, said automobile had been weaving from one lane of traffic to another; and that the defendant's driver with knowledge of this fact had attempted to pass the Griffen automobile without blowing his horn or otherwise giving warning. Under these circumstances, and in view of the fact that the defendant transit company owed to the plaintiff the duty of exercising extraordinary care for his safety (*Code* § 18-204), it cannot be said that the jury was unauthorized to find the defendant corporation negligent in the operation of its bus and that such negligence jointly contributed to the collision of the vehicles, and to the plaintiff's injuries. The trial court did not err therefore in denying the defendant's motion for judgment notwithstanding the verdict based on its previous motion for a directed verdict.

2. The plaintiff testified in part in regard to the collision as follows: "I was seated in the rear of the bus on the left side seat. I don't know how the accident happened between the bus and the automobile. The only thing I actually remember is that is swerved sharply to the left, and the next thing I knew I was laying on my back up by the bus driver and I could see sparks and flames from the wires. I saw the back door open so I crawled to the back door, and then the next thing I knew I was in the hospital; I passed out."

Subsequently, the plaintiff's expert medical witness testified that based upon his conversation with the plaintiff and the plaintiff's medical history, it was his "best guess" that the plaintiff had been rendered unconscious by the impact of the collision and had remained unconscious for several minutes. This testimony was objected to on the ground that it constituted hearsay. The doctor qualified this opinion, however, by pointing out that a person who has had a head injury may suffer from a form of amnesia in which he thinks that he has been unconscious and cannot remember certain events although in fact he

was not rendered unconscious. This testimony was objected to on the ground that it was not alleged in the petition that the plaintiff had received a head injury in the collision and that there was no evidence adduced at the trial to that effect.

It is our opinion that, irrespective of the merits of the above objections, the special grounds of the amended motion for new trial, which assign error on the admission of the above testimony over said objections, show no cause for reversal of this case. The doctor's testimony was directly in point with the uncontradicted testimony previously given by the plaintiff which disclosed that the plaintiff was either rendered unconscious by the impact of the collision or was otherwise unable to remember the events occurring immediately subsequent thereto; and said testimony of the doctor was not in our opinion harmful or prejudicial to the defendant transit company. In fact, the doctor's testimony to the effect that a person who has a head injury may suffer from amnesia and forget about that period of time could only lead the jury to the conclusion that the plaintiff was knocked unconscious in some other manner, was in fact unconscious after the accident and was not suffering from amnesia since there was no evidence of a head injury to the plaintiff. The admission of hearsay or immaterial evidence without harmful effect to the complaining party is not ground for a new trial. *South Georgia R. Co. v. Niles*, 131 Ga. 599 (3) (62 SE 1042); *Chandler v. Mutual Life &c. Assn.*, 131 Ga. 82 (2) (61 SE 1036).

3. The general grounds of the motion for new trial are without merit.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*