40202. HEMBREE v. CHEVROLET MOTOR DIVISION, GENERAL MOTORS CORPORATION.

Carlisle, Presiding Judge. 1. "In the absence of fraud, findings of fact made by the director and approved on appeal by the full board are binding on the court if there is any evidence to support them; and, where no error of law appears, such findings will not be disturbed on appeal." *Fleming v. Fidelity &c. Co.,* 89 Ga. App. 405 (1) (79 SE2d 407). *Garrett v. Employers Mutual Liab. Ins. Co.,* 105 Ga. App. 308 (1) (124 SE2d 450). The evidence authorized the finding that the claimant suffered no injury and disability by reason of his alleged fall.

2. At the hearing, the record was left open 30 days for the purpose of completing medical testimony, and the depositions of Dr. Marvin A. Mitchell, entitled in the cause, were taken in behalf of claimant after the hearing under the following stipulation: "All objections to the questions, with the ex-

ception to form, will be noted at this time, however, the deponent will answer the question asked and the director will pass upon the legitimacy of the question at the time the director or deputy director reads the deposition," and the depositions of Dr. Floyd W. Morgan, entitled in the cause, were taken in behalf of the claimant after the hearing under the following stipulation: "That objections would be made for the record with rulings thereon to be made by the deputy director, before whom the case was heard, at the time she reads the testimony." Attorney for claimant also dictated for the stipulation the following: "The form of the question will be passed on by the deputy director when she reads the deposition . . . it is to be used in evidence for the claimant in the Workmen's Compensation Board." While it does not appear that these depositions were formally introduced in evidence, it appears that they were taken by the claimant for the purpose of being submitted to the director and to the board when taken, and that it was contemplated between the parties acting by and through their attorneys that the depositions would be used as evidence in the case and that they were transmitted to the board. Under these circumstances the director and the board properly considered the depositions as evidence in the case, *Fleming v. Fidelity &c. Co.*, 89 Ga. App. 405 (2), supra, and the claimant will not be heard to complain. The case of *Smith v. Continental Cas. Co.*, 102 Ga. App. 559 (2) (116 SE2d 888) relied upon by claimant is not applicable to the present case in view of the agreement of counsel and that they were taken in behalf of the objecting party and that the board ordered the record held open for 30 days for the express purpose of receiving medical testimony. One of the cases cited, *Bowie v. Findly*, 55 Ga. 604, to sustain the ruling in *Smith* expressly noted an exception "unless there is some order or agreement of parties to the contrary."

3. It follows that the judge of the superior court did not err in affirming the action of the Board of Workmen's Compensation in affirming the findings and award of the single director.

*Judgment affirmed. Bell and Hall, JJ., concur.*

Decided June 26, 1963.

Rich, Bass & Kidd, Charles T. Bass, for plaintiff in error.
King & Spalding, William H. Izlar, Jr., contra.

Claimant testified that on or about August 20, 1961, he fell while at work, injuring his back and arm; that shortly after the fall he became dizzy and couldn't see; that he was relieved from his job so that he could go to first aid. The first aid records indicated that he complained of an upset stomach. Claimant further testified that he went to see Dr. Floyd Morgan shortly thereafter and told him that he fell and hurt his back. He also testified that he told Dr. Marvin Mitchell that he had hurt his back at the employer's plant. The doctors testified that plaintiff made no such statements to them. The evidence showed that the claimant had suffered from a back and arm ailment for some time, and that these ailments could be caused by disease as well as traumatic injury, and that if the defendant had a fall and suffered a traumatic injury this could have aggravated the condition of his arm and back. The single director made the following findings: "I find as a matter of fact from the evidence claimant has not shown that any disability he now suffers is the result of an alleged fall he suffered on or about August 29, 1961. I find further the condition for which claimant sought attention on September 5, 1961, was for a stomach ailment, not an injury. That neither doctor who testified was apprised of an accident and injury, nor is there evidence of treatment for a back injury. Neither doctor would testify that the disability existing in claimant's arm was the result of accident. I therefore find the evidence does not support claimant's contention of disability resulting from an accident and injury and compensation is denied." On appeal to the full board, the full board affirmed the findings of the single director and on appeal to the superior court, the findings of the full board were affirmed. The case is before this court on appeal from the superior court.