## 41132. STOCKBRIDGE STONE DIVISION, VULCAN MATERIALS COMPANY v. ROLLEY.

JORDAN, Judge. In this workmen's compensation case the single director entered an award in behalf of the claimant which was affirmed by the majority of the full board. The award of the full board was affirmed by the superior court, and the exception is to that judgment. *Held:*

■ The award of compensation, which was based on a finding of temporary total disability and of permanent partial industrial handicap resulting from injuries to the claimant's back and right leg sustained by accident arising out of and during the course of his employment as a laborer in the defendant's rock quarry, was supported by sufficient competent evidence.

The record discloses that the claimant fell or was thrown to the ground when his body came in contact with a charge of electricity while he was working in the vicinity of high voltage electrical equipment during a thunder storm; and a finding was authorized that he received injuries as a result of this occurrence which were diagnosed by his medical witness as "Sprain of the lumbar spine. . . with probable damage to the intervertebral disc in this region; and sprain of the right knee and hip and presumably a rather severe electrical shock of the right extremity, lower extremity." The claimant's medical witness further testified that in his opinion the claimant was totally unable to do any manual work at the present time as a result of the injuries to his back and right leg which were separate and independent injuries and that he suffered a 50 percent disability to his right leg alone.

■ The contention of the defendant employer that the single director whose award was adopted by the majority of the full board did not consider the medical evidence adduced in its behalf and that the director erroneously placed the burden of proof on the employer and applied the rule of liberal construction of the Workmen's Compensation Act to the evaluation of the evidence, in this case in claimant's favor is without merit as it does not affirmatively appear from the record that these alleged irregularities occurred. *Barbree v. Shelby Mut. Ins. Co.,* 105 Ga. App. 186 (123 SE2d 905). The award of the single director in the present case affirmatively states that all of the evidence in the record was considered

and it is clear that the burden of proof was properly placed on the claimant.

The case of *Ocean Accident &c. Corp. v. Bates,* 104 Ga. App. 621 (4) (122 SE2d 305) is not applicable here since the ruling of the court in that case was based upon the fact that the award of the hearing director affirmatively disclosed that he had liberally construed the evidence in favor of the employee under the erroneous theory of law that such was required by the doctrine of liberal construction of the Workmen's Compensation Act.

■ "In the absence of fraud, findings of fact made by the director and approved on appeal by the full board are binding on the court if there is any evidence to support them; and, where no error of law appears, such findings will not be disturbed on appeal." *Fleming v. Fidelity & Cas. Co.,* 89 Ga. App. 405 (1) (79 SE2d 407); *Hembree v. Chevrolet Division,* 108 Ga. App. 113 (131 SE2d 859). The award of compensation being supported by competent evidence, and there being no errors of law which authorize a reversal of this case, the judgment of the superior court is affirmed.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*

DECIDED MARCH 16, 1965—REHEARING DENIED MARCH 31, 1965.

*Best, Chambers & Mabry, Richard W. Best, Edward E. McGavity,* for plaintiff in error.

*Alfred D. Fears, Harvey J. Kennedy, Jr., Kennedy, Kennedy & Seay,* contra.