41644. BURSON, Director v. HOWELL.

676

Argued November 4, 1965—Decided November 10, 1965—
Rehearing denied November 23, 1965.

*Arthur K. Bolton, Attorney General, Paul L. Hanes, Assistant Attorney General, Marion O. Gordon,* for appellant.

*Rowland & Rowland, Emory L. Rowland, E. Hodges Rowland,* for appellee.

HALL, Judge. In 1963 the Workmen's Compensation Act was amended by adding to the statutory definition of "injury" and "personal injury" the following exception: ". . . nor shall 'injury' and 'personal injury' include heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis, unless it is shown by preponderance of competent and creditable evidence that it was attributable to the performance of the usual work of employment." Ga. L. 1963, pp. 141, 142 (*Code Ann.* § 114-102). This case squarely presents the issue whether under the law as amended the evidence stated above is sufficient to support a finding that exertion in the employment contributed to the death.

In *Sears, Roebuck & Co. v. Poole,* 112 Ga. App. 557, this court held that the 1963 amendment to *Code Ann.* § 114-102 "did not change the law respecting the evidence necessary to prove that an accident arising out of and in the course of employment caused

the disability or death." Before that amendment the law was that in workmen's compensation cases, as in other cases, the weight and credit to be given to the testimony of witnesses and the question as to where the preponderance of the evidence lay were matters resting with the trior of the facts; and the board's determinations upon these matters were final if supported by any evidence. *Ocean Accident &c. Corp. v. Bates,* 104 Ga. App. 621, 622 (122 SE2d 305); *Hansard v. Georgia Power Co.,* 105 Ga. App. 486 (124 SE2d 926). To say that the language of the 1963 amendment to the effect that disability from heart disease is not compensable unless the fact of its connection with the employment is shown "by preponderance of competent and creditable evidence" changed the law would be to say that before the amendment something other than a "preponderance of competent and creditable evidence" was required to prove this fact. This we cannot say. Even though, as argued by the employer, the General Assembly may have intended to change the law in some way by enacting the amendment, an intention neither expressed nor implied in the words of the enactment could effect no change. The amendment only made explicit in the workmen's compensation statute the law contained in judicial decisions.

The law prior to the 1963 amendment was that evidence of exertion before "the deceased was found in a dying condition" and medical opinion that the exertion could have caused a coronary occlusion authorized a finding that the fatal attack was precipitated by the exertion. *Aetna Cas. &c. Co. v. Pulliam,* 99 Ga. App. 406, 407 (108 SE2d 823); accord *Thomas v. U. S. Cas. Co.,* 218 Ga. 493 (128 SE2d 749). There was such evidence in this case.

The trial court did not err in affirming the award of the board. *Judgment affirmed. Bell, P. J., and Frankum, J., concur.*