42155. HOWELL v. FEDERATED MUTUAL IMPLEMENT & HARDWARE INSURANCE COMPANY et al.

DEEN, Judge. 1. Although depositions taken by one of the parties to a workmen's compensation case are a part of the file sent to this court, where they were not introduced in evidence they will not be considered. *Smith v. Continental Cas. Co.,* 102 Ga. App. 559 (2) (116 SE2d 888). The judge of the superior court did not err in sustaining a motion to expunge from the record sent up to that court by the Board of Workmen's Compensation a deposition of the claimant taken prior to trial by the employer and insurance carrier for purposes of discovery, a deposition of a hospital employee identifying certain hospital records, and the accompanying records, where none of these were introduced in evidence at the hearing. However, this court looks to the findings of fact (in this case, the findings made by the full board which reversed the initial award of a deputy director denying compensation) to see whether they are supported by sufficient competent evidence to sustain the award. *Overton-Green Drive-It-Yourself System v. Cook,* 65 Ga. App. 274 (16 SE2d 50). The facts as found by the full board do not depend upon the material

expunged by the judge and therefore are immaterial to a decision in the case.

2. The amendment to *Code* § 114-102 (Ga. L. 1963, pp. 141, 142) providing that the word "injury" in workmen's compensation cases shall not include coronary thrombosis "unless it is shown by a preponderance of competent and creditable evidence that it was attributable to the performance of the usual work of employment" made no change in the prior law which requires all accidental injuries to be so proved. *Burson v. Howell,* 112 Ga. App. 675 (145 SE2d 718). Evidence of exertion by the employee in the course of his employment plus medical opinion evidence that the quantum of exertion shown *could* have caused a coronary occlusion presents an issue for the trior of fact. *Aetna Cas. &c. Co. v. Pulliam,* 99 Ga. App. 406 (2) (108 SE2d 823).

3. The employee, having mounted up on the back of a truck, was about to repair the motor of a loading crane, which necessitated his pulling himself up onto the crane approximately at head height. While so engaged he felt sharp chest pains radiating down his left arm. He was admitted to the hospital where a diagnosis of coronary thrombosis with myocardial infraction was made; a second heart attack followed six weeks later and he is presently totally disabled. Two medical witnesses testified that the exertion shown could have precipitated the attack; one of them amplified his opinion by stating that stress and strain put a heavier work load on the heart muscle, thus requiring more blood to supply more oxygen, and that a thrombosis of the coronary artery lessens the available blood supply; "most authorities feel that among other things which might precipitate it at the time it occurs, physical exertion should be included as one."

Indubitably, there was sufficient competent evidence to support the award of the full board granting compensation to the claimant. The judge of the superior court erred in reversing the award.

*Judgment reversed. Nichols, P. J., concurs. Hall, J., concurs in the judgment but in Divisions 2 and 3 only of the opinion.*

Argued July 6, 1966—Decided September 6, 1966—Rehearing denied September 22, 1966—

*P. Walter Jones, Charles W. Hill,* for appellant.

*Charles L. Drew, B. C. Gardner, Jr., Williston White,* for appellees.