## 44884. WOLFSON v. RUMBLE.

JORDAN, Presiding Judge. This is a personal injury action based on a collision between two automobiles at an intersection in the city of Thomasville. The defendant, driving in a northerly direction, allegedly failed to heed a stop sign, and her automobile struck the automobile which the plaintiff was driving in a westerly direction on a through street. The defendant offered no evidence. She appeals from a judgment for the plaintiff following the overruling of her motion for new trial. *Held:*

1. Mere subjective complaints of pain by a patient to an examining physician are inadmissible as hearsay to prove the fact of pain by the testimony of the physician, although such testimony may be admissible for other reasons, e.g., not for the fact of pain but to explain a diagnosis or opinion, but involuntary utterances or other indications of pain heard or observed by the physician during examination or treatment, including particularly indications resulting from tests performed by the physician, are admissible as proof of the fact of pain. See *Atlantic C. L. R. Co. v. Marshall,* 93 Ga. App. 134, 137 (91 SE2d 96); *Broyles v. Prisock,* 97 Ga. 643, 646 (25 SE 389); *Atlanta, Knoxville &c. R. Co. v. Gardner,* 122 Ga. 82, 95 (49 SE 818); *Ga. R. & Elec. Co. v. Gilleland,* 133 Ga. 621, 625 (66 SE 944). The testimony of the physician to which the defendant objected, to the extent that it includes mere subjective complaints of pain, even if inadmissible hearsay, is merely cumulative of the uncontradicted testimony of the plaintiff herself, and the authorized inference of pain and suffering which the jury could draw from the evidence of the actual physical injuries, and we regard any error in overruling the objections as harmless. "The admission of hearsay or immaterial evidence without harmful effect to the complaining party is not ground for a new trial." *Savannah Transit Co. v. Williams,* 107 Ga. App. 212, 215 (129 SE2d 417).

2. The instruction to the jury which authorized it to believe the testimony of an injured person concerning the extent of injuries and suffering in preference to the testimony of a whole college of physicians, in language in substance the same as the first headnote of *Southern R. Co. v. Tankersley,* 3 Ga. App. 548 (60 SE 297), while wholly superfluous in

view of the testimony in the case, primarily that of the injured person and her attending physician, which is without substantial conflict, and uncontradicted, the defendant having presented no witnesses, discloses no harmful error. Even if the instruction implies an opinion by the court to believe the plaintiff in preference to expert medical testimony, a conclusion which we fail to perceive, this does not overcome the absence of any evidentiary basis for erroneous application of the instruction, so as to mislead or confuse the jury.

3. The contention that the court erred in failing to instruct on comparative negligence is without merit.

*Judgment affirmed. Whitman and Evans, JJ., concur.*

ARGUED NOVEMBER 4, 1969—DECIDED FEBRUARY 11, 1970—
· REHEARING DENIED APRIL 1, 1970.

*Perry, Walters, Langstaff, Lippitt & Campbell, Jesse W. Walters,* for appellant.

*F. L. Forester, Cullen M. Ward,* for appellee.