45864.  ARGONAUT INSURANCE COMPANY et al.
v. ALLEN.

SUBMITTED JANUARY 12, 1971—DECIDED APRIL 14, 1971—
REHEARING DENIED APRIL 30, 1971.—CERT. APPLIED FOR.

*Woodruff, Savell, Lane & Williams, Lawson A. Cox, II,* for appellants.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellee.

HALL, Presiding Judge. The appellants' contention of lack of formal tender is without merit. In another workmen's compensation case where the record was left open for 30 days to receive medical testimony, this court held: "While it does not appear that these depositions were formally introduced in evidence, it appears that they were taken by the claimant for the purpose of being submitted to the director and to the board when taken, and that it was contemplated betweeen the parties acting by and through their attorneys that the depositions would be used as evidence in the case and that they were transmitted to the board. Under these circumstances the director and the board properly considered the depositions as evidence in the case. . ." *Hembree v. Chevrolet Motor Division,* 108 Ga. App. 113, 114 (131 SE2d 859). Since Dr. MacNaughton's deposition contains a stipulation between counsel that it was taken for the purpose of evidence, it falls squarely within the *Hembree* rule and was properly considered by the director and the court. See also *Peters v. Liberty Mut. Ins. Co.,* 113 Ga. App. 41 (2) (147 SE2d 26). This holding is not in conflict with *Smith v. Continental Cas. Co.,* 102 Ga. App. 559 (116 SE2d 888); *Howell v. Federated Mut. &c. Ins. Co.,* 114 Ga. App. 321 (151 SE2d 195); and *Jackson v. U. S. Fidel. &c. Co.,* 119 Ga. App. 111 (166 SE2d 426) as these cases are distinguishable on their facts.

2. The second contention raises an issue never specially considered by the Georgia courts—whether a psychiatrist's opinion evidence on the cause of a patient's disturbed mental condition is of no probative value since based upon statements related to him by the patient (hearsay).

Several peripheral rules come into play here. First, a *physician* may not testify to a history of the accident or injury as given him by the patient since it is hearsay. *Paulk v. Thomas,* 115 Ga. App. 436 (154 SE2d 872); *Atlanta, K. & N. R. Co. v. Gardner,* 122 Ga. 82 (49 SE 818). This same rule also "applies to opinions which are

based upon the patient's hearsay or his subjective complaints." *Paulk v. Thomas,* supra, p. 439. *Atlantic C. L. R. Co. v. Clinard,* 93 Ga. App. 64 (90 SE2d 923). However, these cases all deal with physical injury or disease, and the physician may, of course, give opinion evidence that the patient has a particular injury or disease (or is insane) based upon his personal observation and examination of the patient. *Graham v. Clark,* 114 Ga. App. 825 (152 SE2d 789); *Potts v. House,* 6 Ga. 324 (50 AD 329). If the facts upon which he bases his opinion are within his own knowledge, it is not even necessary that his testimony be in the form of an answer to a hypothetical question. *Corbin v. State,* 81 Ga. App. 353 (58 SE2d 485).

The appellants' objection here, however, is apparently not the admission of the expert opinion that claimant has a neurosis, but that his industrial injury caused this mental condition. We see an analogy to a case which discussed the admissibility of opinion evidence on the "ultimate issue" in the case (disability).

"The very question of disability and the extent of it are relative. If exceptions are made in such matters as value, insanity, and the identity of handwriting, and in similar cases where the thing sought after is found only in the realm of the subjective, where no witness could point his finger and say 'it is here' or 'it is there,' it seems to us that there might well arise, as in the instant case, physical disability of such nature and character, and the extent of which might be so difficult of ascertainment, that a jury, in order to do justice between the parties, should very properly have the benefit of the belief and opinion of an expert who has brought to the subject his skill and superior knowledge and facilities. True it is that the jurors are the ultimate triors; . . . But we think it is also true that if the nature of the question is such that the factors leading to a conclusion are not known to the common or average man, but are among those things shrouded in the mystery of professional skill or knowledge, then the light of that knowledge should not be withheld from the jury because of such a fine distinction in the ordinary rules of evidence . . . So on this important question we . . . hold that opinion evidence of experts on the final question at issue may be received . . . and that [the jury] may give just such weight to it as in all the circum-

stances they may see fit to do." *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1, 8, 11 (5 SE2d 214).

Certainly the cause of mental illness is "in the realm of the subjective," and "shrouded in the mystery of professional skill or knowledge." It seems clear that the fact finders in such cases should have "the benefit of the belief and opinion of an expert."

Further, and contrary to appellants' contention, Dr. Mac-Naughton's opinion was not based merely upon what the claimant told him. On cross examination the doctor stated in some detail that a diagnosis is based not only on the patient's statements but also on physical manifestations as he is speaking (e.g. how the patient sits or moves, dilation and direction of the eyes, facial demeanor, speed of speech, etc.) as well as inconsistencies in the statements themselves. These would be facts based on the doctor's "personal observation" and therefore within the general rule stated above. See: Anno. 66 ALR2d 1082, 1100, § 5 (f); 31 Am-Jur2d 640, Expert and Opinion Evidence, § 111; 7 Wigmore on Evidence 121, § 1976; Terry Dairy Products Co. v. Cash, 224 Ark. 576 (275 SW2d 12); Ford v. Blythe Bro. Co., 242 N. C. 347 (87 SE2d 879); Humphrey v. Twin State Gas &c. Co., 100 Vt. 414 (139 A 440).

Finally, to hold psychiatric evidence inadmissible on a technical ground designed for completely different purposes, would be to eliminate the only truly competent evidence on questions involving mental condition other than the simple issue of sanity versus insanity. These questions arise not only in workmen's compensation (because psychological disability resulting from injury is compensable) but also in the broad fields of torts and juvenile law, for example. To foreclose this evidence would be a backward step in the pursuit of enlightened justice. See Polier, Rule of Law and Role of Psychiatry (Johns Hopkins Press, 1968).

For all these reasons, the contention is without merit.

3. Nevertheless, the court did err in reversing the award on the grounds of insufficient evidence to support finding Number 3. The transcript shows that the tender of employment at the stated wage was made. Whether the job was within the claimant's capacity was a factual determination within the province of the director who had before him testimony concerning the nature of the work,

a complete medical report on the claimant, and the physical presence of the claimant himself. Whether we or the superior court agree with the finding is irrelevant. It should be affirmed under the "any evidence" rule.

While it appears that the employer and insurer have successfully prosecuted the appeal and obtained a reversal of the judgment of the superior court, nevertheless the effect of the judgment of this court and the judgment to be entered by the superior court pursuant thereto is to place the employer and insurer in the exact position occupied by them under the award made by the Workmen's Compensation Board. The same is true as to the employee. He derived no benefit from any of the appeals and suffered the expense and inconvenience in resisting them. Consequently the burden of the appeals must be suffered by the employer and insurer and the costs in connection with this appeal are taxed against them.

*Judgment reversed with direction that the superior court affirm the award of the director. Eberhardt and Whitman, JJ., concur.*