48105. COWART TRUCKING COMPANY, INC. et al. v. STONE.

EVANS, Judge. James K. Stone, as plaintiff, was awarded a verdict and judgment for personal injuries in his suit against Cowart Trucking Company, Inc., J. W. Luke, and Transit Casualty Company. Defendants filed a motion for new trial, which was amended, heard, and denied; and defendants appeal from the denial of the motion for new trial, as amended, and from the final judgment.

While there are 13 enumerated errors, all involve the same principle of law and will be considered together here since this was the sole contention argued in the appeal—that the medical experts in testifying as to the subjective complaints of the plaintiff gave hearsay testimony which was inadmissible; and said testimony should not have been allowed in evidence. *Held:*

1. Testimony by a physician as to plaintiff's complaints of pain may be admissible where given merely as explanation of course of conduct of the physician, provided such course of conduct is relevant and material. *Williams Bros. Grocery Co. v. Blanton,*

105 Ga. App. 314 (2) (124 SE2d 479). Of course, the physician may give his opinion based on his personal observation and examination of the patient. *Argonaut Ins. Co. v. Allen,* 123 Ga. App. 741, 742 (182 SE2d 508). When it becomes necessary and material to explain conduct and ascertain motives, then same may be explained and ascertained by information, conversations, letters and replies, and same will be received in evidence in such cases, not as hearsay, but as original evidence. Code § 38-302.

2. There were three objections to testimony of Doctor Deal. The first one was his response to the question: "What did your examination reveal?" and the response was "He was having severe pain in the neck and shoulder; right arm was numb and he could hardly use it." The objection was that any statement by the patient to the physician was hearsay. No statement by the patient to physician was present in the above response.

The second objection was his response to the question as to why Dr. Deal put the patient in the hospital, as follows: "First, he was hurting a great deal; second, there is a degree of defensive measures . . ." No statement by patient to physician is shown here; but if there had been, it would have been admissible to explain conduct under Code § 38-302.

The third objection was his response to the question: "Were you able to demonstrate whether or not this patient was hurting in your examination of him?"—and the response being: "He complained of pain; he had muscle spasm." The answer as to muscle spasm was admissible under *Paulk v. Thomas,* 115 Ga. App. 436, 439 (154 SE2d 872).

There was no error in admitting Dr. Deal's testimony over the objections made.

3. Dr. Bargeron's testimony was also objected to on the ground that it involved the patient's statements to him, which were hearsay. A fair analysis of the testimony objected to is as follows: (1) As to what the patient told him about his right arm; (2) As to what he attributed the problem in his right arm; (3) As to subjective complaints about pain, numbness and abnormal sensations in the right arm; (4) As to his diagnosis; (5) As to meaning of medical terms; (6) As to the plaintiff's symptoms being consistent with the kind of injuries he had sustained, both from what the patient related to him and from what he had observed; and (7) As to his findings and the treatment suggested, his finding in this instance being that the patient's neck pain was less.

Of course, the physician had the right to testify from his expertise

as a practicing physician as to the patient's problems; as to his diagnosis; as to medical terms used; and that from his findings the neck pain was less. *Argonaut Ins. Co. v. Allen,* 123 Ga. App. 741, supra. None of the answers involved in Nos. (2), (4), (5) and (7) above were the result of the patient's statements to the physician, nor were they objectionable.

In No. (1) above, objection was made to what the patient told the physician about his right arm, but the patient himself testified to telling the physician all about his right arm, without any objection (Tr. p. 141). Under *Savannah Transit Co. v. Williams,* 107 Ga. App. 212, 215 (129 SE2d 417); *Wolfson v. Rumble,* 121 Ga. App. 549 (1) (174 SE2d 469) and *Eiberger v. Martel Electronic Sales,* 125 Ga. App. 253 (6) (187 SE2d 327), there was no harmful error in admitting this testimony.

Number (3) as to the physician's testimony about subjective complaints about pain, numbness and abnormal sensations in the right arm is governed by the same authorities as are cited in No. (1) above.

Number (6) as to the physician's testimony that plaintiff's symptoms were consistent with the kind of injuries he had sustained, both from what the patient related to him and from what he had observed, is governed by the authorities cited in support of Number (1) above; and also because a part of the testimony was undoubtedly admissible, to wit, that part as to his findings from what he observed, whereas the objections were general, directed against the entire answer. It has been held time without number that an objection to testimony, a part of which is admissible, is not a valid objection. *Sweeney v. Sweeney,* 119 Ga. 76 (3) (46 SE 76, 100 ASR 159); *Clemones v. Alabama Power Co.,* 107 Ga. App. 489 (5) (130 SE2d 600). There was no error in admitting the testimony of Dr. Bargeron over the objection made.

We have considered all of the errors enumerated by the appellant and find no reversible error therein. The final judgment and the judgment of the trial court in denying defendant's motion for new trial, as amended, are hereby affirmed.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED MAY 7, 1973 — DECIDED JUNE 11, 1973 — REHEARING DENIED JUNE 29, 1973 —

*Miller, Beckmann & Simpson, A. Martin Kent,* for appellants. *Allen, Edenfield, Brown & Franklin, Charles H. Brown,* for appellee.