## 50758. PAN AMERICAN FIRE & CASUALTY COMPANY et al. v. GUESS.

QUILLIAN, Judge.

This case is an appeal from the order of the superior court which affirmed the award of the State Board of Workmen's Compensation which found that the claimant was totally disabled as the result of an injury which arose out of and in the course of his employment. *Held:*

1. The appellant contends that the award was not supported by the evidence because it was based on the testimony of a doctor which was not introduced in evidence.

At the hearing held before the deputy director he stated that the record would be held open for 30 days subsequent to the hearing for the purpose of submitting medical evidence. See Rule 20 of the State Board of Workmen's Compensation. The doctor's deposition in question was filed with the board within the time allowed. At the time the deposition was taken it was stipulated: "It was stipulated and agreed by and between counsel for both parties that *all formalities* as to the execution, *transmittal and filing, and notice of filing were waived. The deposition was taken in behalf of the plaintiff, for the purpose of evidence in the trial of the case, and for all other purposes allowed by law.*" (Emphasis supplied.)

Therefore, in our opinion the filing of the deposition within the time allowed constituted its introduction in evidence which could be considered by the deputy director. *Hembree v. Chevrolet Motor Division,* 108 Ga. App. 113 (131 SE2d 859); *Argonaut Ins. Co. v. Allen,* 123 Ga. App. 741 (1) (182 SE2d 508).

The appellant argues that under that which was held in *Jackson v. U. S. Fidelity &c. Co.,* 119 Ga. App. 111 (166 SE2d 426), the deposition was not introduced and therefore could not be considered. The *Jackson* case states: "Although a deposition taken by one of the parties to a workmen's compensation case is a part of the file sent to this court, it will not be considered if it was not introduced in evidence before the board. *Smith v. Continental Cas. Co.,* 102 Ga. App. 559 (2) (116 SE2d 888); *Howell v. Federated Mut. &c. Ins. Co.,* 114 Ga. App. 321 (1)

(151 SE2d 159). Claimant's deposition was not introduced at the hearing, nor was it stipulated that it would be included as evidence in the record, which by agreement was held open only for the purpose of submitting medical testimony." The appellant's contention would be correct had the deposition not been a medical deposition. The deposition which was not allowed in the *Jackson* case was the "claimant's deposition."

*Smith v. Continental Cas. Co.,* 102 Ga. App. 559, supra, cited by appellant, is not controlling. Although the deposition of the doctor was forwarded as a part of the file sent to this court, the record did not indicate that it had been admitted in evidence or that the record had been held open for the filing of additional medical evidence.

2. The evidence was sufficient to support the award, and the remaining enumerations of error are without merit.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED MAY 28, 1975 — DECIDED JUNE 27, 1975.

*Owens & Hilyer, Seymour S. Owens,* for appellants.
*Sumner & Mitchell, Douglas W. Mitchell, III,* for appellee.