30316. RAILWAY EXPRESS AGENCY INCORPORATED
*v.* HARPER.

Decided March 2, 1944. Rehearing denied March 16, 1944.

*Jones, Jones & Sparks, Alston, Foster, Sibley & Miller, Ed. L. Benton,* for plaintiff in error.

*Thomas A. Jacobs Jr.,* contra.

FELTON, J. This is a workmen's-compensation case, here on exceptions to the judgment of the superior court affirming an award of compensation to the claimant.

■ The board was authorized to find from the evidence that the employee notified Mr. Cain immediately that he thought he had hurt himself. The employer concedes that Mr. Cain was the employee's superior. The evidence is conflicting on the question whether Mr. Cain referred the employee to another of his superiors, and also as to whether Mr. Cain reported to the other superior what the employee had told him. It is true that the employee testified that he did not think the injury amounted to anything, but we do not understand that the notice of an injury must be given with a view to a claim of compensation at the time it is given. We think a notice is sufficient which will put the employer on notice of the injury so that he may make an investigation if he sees fit to do so. An employee should not be penalized because he did not consider his injury serious enough to contend immediately that he was entitled to compensation.

■ In *Liberty Mutual Insurance Co. v. Blackshear,* 197 *Ga.* (28 S. E. 2d, 860), it was held that "where the sudden appearance of the rupture is manifested by accompanying pain, immediately and without substantial interval following the accident, and the resulting protrusion follows this in due, natural, and uninterrupted course from the rupture, such an injury constitutes an integral part of the hernia within the meaning of the statute." The claimant testified that on July 15, 1942, he was trying to truck an airplane motor; that he "broke it back" on the hand-truck, and felt a stinging in his right groin as soon as he "broke" the motor back; that he had never had a pain like that before; that he didn't feel like it was anything, but he told Mr. Cain he felt like he hurt himself, and that the place started growing shortly thereafter; that he wouldn't know about how many days it was afterwards, but it started growing larger and larger; that he didn't report the enlargement to anyone until September 16; that he kept on working until September 16; that he was in pain during that time; that he was sure that he didn't have a hernia or any trouble in his side

until the day he felt the stinging pain; that he didn't make any exclamation when he felt the sting; that he didn't know how long it was before the place began to show up; that the lump was coming when he went to Dr. Frazer on September 1; that after the lump began to grow he took notice of it, and went to Dr. Frazer; that "it was paining me all the time, but I noticed it when it started growing;" that he went to Mr. Cain in September and asked him if he remembered when he said he hurt himself; that he was examined by Dr. Rozar before he went to work for the company and he found no hernia at that time. Dr. W. N. Frazer testified that on the first of September he examined the claimant and found that he had a hernia; that he needed an operation at that time; that he could not tell at what time the rupture first began to exist; that he could not tell from looking at the claimant whether or not the hernia he saw was caused by a strain on July 15. Dr. A. R. Rozar testified that he "imagined" that he examined the claimant before he went to work for the company and must not have found a hernia, because the company did not employ men with hernias; that he found that the claimant had a hernia on September 16, and that there was no way he could tell how old the hernia was; that the claimant told him the hernia came on July 15 when he was trucking an airplane motor and strained at the truck and hurt himself; that the claimant did not say when the lump first appeared; that there was no way he could tell whether the claimant had the hernia before he came to him, or since July 15; that if the hernia was in the same condition that he saw it, or was progressively getting worse since July 15, in his opinion he didn't know whether claimant would have been able to work continuously at hard labor from July 15 to September 16 without making some complaint about it, but that men worked for 50 years with hernias, and sometimes on through life.

The finding was authorized from the foregoing evidence that the claimant strained himself on July 15, 1942, and that a rupture occurred at that time; that it was immediately accompanied by pain which continued and resulted in a hernia in due, natural, and uninterrupted course.

The award of the deputy director, which was affirmed by the board, stated in part: "The Supreme Court on February 9th, 1943, rendered a decision in the *Hardware Mutual Insurance Com-*

*pany et al.* v. *Sprayberry,* which in the opinion of this director, who heard the case, demands a finding that the right inguinal hernia sustained by the claimant, was the result of his accident and injury on July 15th, 1942, and arose out of and in the course of employment." The employer contends that this statement shows that the director did not make the necessary findings of fact to authorize an award, but made the award under the compulsion of the ruling in the case cited. We do not agree with this contention. The *Sprayberry* ruling was to the effect that it is not essential to recovery for hernia to show that the injury was sustained in an extraordinary occurrence. What the quoted paragraph means is that the injury in this case was not from an extraordinary occurrence, such as an unusual strain, and that it was not required to be.

The court did not err in affirming the award.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*