19684. ROYAL INDEMNITY COMPANY *et al. v.* COULTER.

Mobley, Justice. In this workman's compensation case, the single director found as a matter of fact that the claimant failed to comply with the provisions of Code § 114-303, respecting giving notice to the employer within 30 days of an accident, and made an award based thereon denying the claim for compensation. This finding and award was affirmed by the full board and, on appeal, by the superior court. Upon review, the Court of Appeals reversed the judgment of the superior court (95 *Ga. App.* 124, 97 S. E. 2d 358), and the case is here upon grant of the writ of certiorari.

The sole issue involved is a question of fact as to whether there was compliance with Code § 114-303 as to notice to the employer of the accident. Code § 114-710 provides that, in the absence of fraud, findings of fact by the board are conclusive and the court shall be authorized to set aside an order or decree of the board in the following five instances: "If it be found that—(1) The directors acted without or in excess of their powers; (2) The order or decree was procured by fraud; (3) The facts found by the directors do not support the order or decree; (4) There is not sufficient competent evidence in the record to warrant the directors in making the order or

decree complained of; or that (5) The order or decree is contrary to law." This section then provides that "No order or decree of the Department shall be set aside by the court upon any grounds other than one or more of the grounds above stated." It is well established by decisions of this court that where a finding of fact by the board is supported by any evidence such finding is conclusive and on appeal must be affirmed by the court. *Georgia Casualty Co.* v. *Martin*, 157 *Ga.* 909 (122 S. E. 881); *Montgomery* v. *Maryland Casualty Co.*, 169 *Ga.* 746 (151 S. E. 363); *Maryland Casualty Co.* v. *Sanders*, 182 *Ga.* 594 (186 S. E. 693); *American Mutual Liability Ins. Co.* v. *Sisson*, 198 *Ga.* 623, 625 (32 S. E. 2d 295).

Suffice it to say, without setting out the evidence in detail, that the evidence was in conflict as to whether the claimant gave notice of his accident, or as to whether the employer had any notice of an accident suffered by the claimant during the course of his employment. The claimant testified that he did not report the accident but that two days after the accident his wife notified his employer that he had hurt his back on the job. The wife in her testimony did not testify that she notified the employer that her husband had hurt his back on the job. The employer's supervisor of hiring and firing and employee relations testified that the claimant returned to work on March 22, 1954, after being out for some time from an appendix operation, and worked 57 minutes, when he was checked out; that neither he nor his wife came to the personnel office and reported that the claimant's back had been hurt; that two days later, the claimant's wife came to get insurance forms or to pick up a compensation check, and in a conversation with her she stated that her husband's back was hurt; that she denied that his back was hurt on the job; and that a letter from the claimant's attorney on January 4, 1955, was the first knowledge that the company had that the claimant contended he had hurt his back on the job. Other employees of the company testified that the claimant was checked off the job on March 22, 1954, after working 57 minutes because he was not doing the work satisfactorily, and that he made no complaint about hurting his back.

An injury for which compensation is payable under the Workmen's Compensation Act means injury only "by accident arising out of and in the course of the employment." Code

§ 114-102. Code § 114-303 requires that "every injured employee or his representative shall, immediately on the occurrence of any accident, or as soon thereafter as practicable, give or cause to be given to the employer, his agent, representative, or foreman, or the immediate superior of the injured employee, a notice of the accident," and "No compensation will be payable unless such notice, either oral or written, is given within 30 days after the occurrence of an accident." Obviously, the notice required is notice of an injury by accident arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does not meet the requirement of the statute. Here, the claimant relies upon notice which he says his wife gave of his injury, but the evidence authorized the board to find that the wife actually denied that her husband had hurt his back while on the job in the course of his employment. Notice that a claimant has not hurt his back on the job cannot be considered notice that he hurt his back on the job or was injured in an accident arising out of and in the course of his employment.

The finding of fact and the award of the board were fully supported by evidence, and the Court of Appeals erred in reversing the judgment of the superior court.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED MAY 13, 1957—DECIDED JUNE 10, 1957.

*Connerat, Dunn, Hunter, Cubbedge & Houlihan, B. B. Cubbedge, Jr.,* for plaintiffs in error.

*McGowan & McGowan,* contra.