### 38240. NEW AMSTERDAM CASUALTY COMPANY *et al.* v. KIDD.

FELTON, Chief Judge. Where claimant suffered apparent indigestion and heartburn during his work hours as city clerk on September 27, 1957, but remained at city hall until the usual time of departure at 5 p.m., although he did not do any work after 3 p.m., and during the evening at home suffered a severe chest pain and the subsequent medical examination showed that he had suffered a heart attack which, in the opinion of his physician, occurred "at the initial indigestion episode," and where no written report of the alleged accident was made until July 10, 1958, claimant's testimony that the city council met the day following his heart attack and "the reason they had the meeting, they weren't sure I was protected, that is the reason they called the meeting Saturday to definitely place it [group hospitalization and life insurance coverage] with one company" does not, in the absence of further competent evidence, show notice of the alleged accident to the employer as required by Code § 114-303. There is no evidence to show that claimant's physical distress during working hours was reported to his supervisors or to any responsible city official and mere knowledge by the city that its employee has suffered a heart attack is not sufficient to put the city on notice that he had suffered an accident during the course of his employment. *Employers Mutual &c. Ins. Co. v. Holloway,* 98 Ga. App. 265, 267 (105 S. E. 2d 370). This is particularly true where, as here, there is no evidence that the employer knew of any illness or physical exertion during actual working hours so as to put it on notice of any injury arising out of and in the course of employment and allow it to make proper in-

vestigation. "Obviously, the notice required is notice of an injury by accident arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does not meet the requirement of the statute." *Royal Indem. Co. v. Coulter*, 213 Ga. 277, 279 (98 S. E. 2d 899). The finding of the State Board of Workmen's Compensation that the employer had actual notice of the attack arising out of and in the course of his employment is not supported by any competent evidence, and the superior court erred in affirming the award of compensation. *Judgment reversed. Gardner, P. J., Townsend, Carlisle, Nichols and Frankum, JJ., concur. Bell, J., dissents.*

DECIDED JUNE 14, 1960—REHEARING DENIED JUNE 28, 1960.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* for plaintiffs in error.

*Albert A. Roberts,* contra.

BELL, Judge, dissenting. I am constrained to disagree with the majority opinion to the degree that it seems to simplify the proceeding here by holding that the finding of the State Board of Workmen's Compensation to the effect that the employer had actual notice of the heart attack arising out of and in the course of the claimant's employment is not supported by any competent evidence.

In the case of *Railway Exp. Agency v. Harper*, 70 Ga. App. 795 (29 S. E. 2d 434), this court stated with respect to notice that, "We think a notice is sufficient which will put the employer on notice of the injury so that he may make an investigation if he sees fit to do so." The *Harper* case was cited and followed by this court in *Davison-Paxon Co. v. Ford*, 88 Ga. App. 890 (78 S. E. 2d 257).

Under the broad powers given to the State Board of Workmen's Compensation under Code § 114-710 the findings of fact made by the members within their power shall be conclusive if there is any sufficient, competent evidence in the record to support the order or decree complained of. Accepting this Code

section as meaning what it says, there is a sufficiency of testimony in this case to support this fact as found by the board. The record shows that the City Council of East Point met the day after the claimant's heart attack because "they weren't sure . . . I [the claimant] was protected, that is the reason they called the meeting . . ." There is also testimony to the effect that it was customary in the city government of East Point for any injured employee to notify [give notice of an injury to] his department head, and in this instance the claimant was the department head. Meager though this evidence may be, it is the board which has been empowered by the duly enacted law to find and determine the facts in cases arising under the Workmen's Compensation Act—not this, or any other, court.

The case of *Royal Indem. Co. v. Coulter*, 213 Ga. 277, 279 (98 S. E. 2d 899) is not authority for this case, for there the court was concerned, not with the setting aside of facts found by the board, but, rather, with sustaining the facts found by it where the evidence was conflicting, and in addition, the record here discloses sufficient evidence to show that the heart attack arose out of and in the course of the employment and that this possibility was known by the city council. This constitutes a factual situation in a degree differing from that considered in the *Coulter* case.

In my opinion the judgment of the superior court affirming the award of the State Board of Workmen's Compensation should be affirmed.