38485. SMITH v. CONTINENTAL CASUALTY COMPANY *et al.*

■

DECIDED OCTOBER 10, 1960.

■

*Richard W. Best, James I. Parker,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, James C. Hill, Edward W. Killorin,* contra.

FELTON, Chief Judge. ■ In this compensation case the following facts appeared without dispute: that the claimant for a long time before the alleged accidental injury, for which compensation was sought, suffered from a bad back ailment, totally unrelated to his employment, causing him pain in his back and legs; that prior to March 31, 1959 (the date of the alleged ac-

cident) the claimant requested and obtained a leave of absence from his work because of the pain in his back and legs; that after being out on the leave of absence, he returned and attempted to resume his work but worked only two days; that on the third day he went to his immediate superior and stated that "My legs and back was hurting me so bad I couldn't go. I went as far as I could go," and that his superior asked him if he would like to try to do some less strenuous work and claimant said that he did not feel that he could do it; that his superior gave him permission to go home; that when the claimant's attorney sought to go into the merits of the case the hearing director called upon the claimant's attorney for additional evidence on the question of notice to the employer of the accident and that no additional evidence was offered in the way of testimony by the claimant or by deposition. Under such circumstances it was not error for the director to stop the proceedings and enter an award denying compensation on the ground of lack of notice of an accident arising out of and in the course of employment, and on appeal to the full board it was not error for the board to deny compensation on the ground of lack of notice and it was not error for the superior court to affirm the award of the board. *Royal Indem. Co. v. Coulter,* 213 Ga. 277 (98 S. E. 2d 899); *Employers Mutual Liability Ins. Co. v. Holloway,* 98 Ga. App. 265 (105 S. E. 2d 370); *Fountain v. Georgia Marble Co.,* 95 Ga. App. 21 (96 S. E. 2d 656). *Davison-Paxon Co. v. Ford,* 88 Ga. App. 890 (78 S. E. 2d 257) is distinguishable on its facts and is not authority for a contrary conclusion.

■ Although a doctor's depositions are a part of the file sent to this court where they were not introduced in evidence they will not be considered. *Sizer & Co. v. Melton & Sons,* 129 Ga. 143, 149 (58 S. E. 1055); *Bowie v. Findly,* 55 Ga. 604.

The court did not err in affirming the award of the full board.

*Judgment affirmed. Nichols and Bell, JJ., concur.*