### 39021. ANDERSON v. HOUSTON FIRE & CASUALTY
### INSURANCE COMPANY *et al.*

DECIDED SEPTEMBER 19, 1961—REHEARING DENIED
OCTOBER 19, 1961.

*Charles E. Wood,* for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Richard D. Carr, H. A. Stephens, Jr., W. Dent Acree,* contra.

BELL, Judge. *Code* § 114-303, after providing the requirements for the employee's giving notice of the accident to the

employer, agent, representative, or foreman, or the immediate supervisor, goes on to provide: "No compensation will be payable unless such notice, either oral or written, is given within 30 days after the occurrence of an accident  .  .  .  unless it can be shown that the employee had been prevented from doing so by reason of physical or mental incapacity, or by fraud or deceit, or that the employer, his agent, representative, or foreman, or the immediate superior of the injured employee, had knowledge of the accident, or unless a reasonable excuse is made to the satisfaction of the State Board of Workmen's Compensation for not giving such notice, and it is reasonably proved to the satisfaction of the Board that the employer had not been prejudiced thereby."

The finding of the board that the employee did not give the required notice within 30 days is supported by competent evidence.  It is elementary that the board's finding of fact must be accepted by the appellate courts if there is any competent evidence to support the finding.  *Fidelity & Cas. Co. v. King,* 104 Ga. App. 261 (121 SE2d 284).

The claimant makes the ingenious contention that the deputy director erred in making the findings of fact because she had concluded that it was not within her discretion to award compensation to the claimant unless notice was given the employer within 30 days of an accident.  While *Code* § 114-303 does provide for the finding of exceptions to the requirement that notice be given within 30 days after the accident in order for compensation to be payable, these findings are exclusively for the board to make.  Where evidence is offered tending to show one or more of these exceptions or a reasonable excuse, the board is authorized by the statute to find the failure to give notice is excused.  The failure of the board to make an affirmative finding that an exception or a reasonable excuse is present in a case is tantamount to a finding that no reasonable excuse or exception was proven to the satisfaction of the board.

The reasonableness of the excuse offered for failure to give the notice is peculiarly a matter for determination by the board. *Federated Mutual &c. Ins. Co. v. Elliott,* 88 Ga. App. 266 (76 SE2d 568); *Hardware Mutual &c. Co. v. Sprayberry,* 69 Ga.

App. 196 (25 SE2d 74). Where there is evidence from which the board might have found prevention from giving the notice by reason of physical or mental incapacity, but the evidence does not demand such a finding, this court will not disturb the order of the State Board of Workmen's Compensation denying compensation. *James v. Fite*, 38 Ga. App. 759 (145 SE 536).

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*