## 39231.  COMPLETE AUTO TRANSIT, INC. v. REAVIS.

EBERHARDT, Judge.  1.  Compliance with the thirty-day notice provision of the Workmen's Compensation Act, *Code* § 114-303, is a necessary prerequisite to the payment of compensation. Where the only evidence of notice was that of a claimant who, having had a previous back injury for which compensation had been paid, and now claiming a further back injury testified: "[I] told Mr. Sticky [my supervisor] that I had to go to the doctor, I was hurting so in my back.  And he asked me was this my old injury and I said, 'No, I didn't think it was my old injury, I just had a hurting in it,' and he gave me a slip to go to the doctor", compliance with the statute was not shown.

"While it is true that the evidence presented at the hearing supported the findings of fact that the employer had notice that the claimant was absent from work due to a back injury, where the employer had no notice that such injury was the result of an event, which took place in the course of the claimant's employment . . . this notice did not comply with *Code* § 114-303." *Fountain v. Georgia Marble Co.*, 95 Ga. App. 21, 22 (96 SE2d 656), aff'd, 213 Ga. 352 (99 SE2d 144).  "Obviously, the notice required is notice of an injury by accident arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does not meet the requirement of the statute." *Royal Indem. Co. v. Coulter*, 213 Ga. 277, 279 (98 SE2d 899). There is no evidence in the record here as to any notice to the employer that claimant's back pain resulted from an *accident*, or that he had suffered any accident arising out of and in the course of his employment.  The mere fact that claimant's supervisor gave him a slip to go to the doctor is not an admission of notice, nor would the fact that the company doctor may have found claimant to be suffering from a condition that may have resulted from an accident be sufficient to constitute the notice which the statute requires.  While it is not required that notice of the *accident* be in any prescribed form, there must be at least enough information about it imparted to put the employer on notice to make an investigation if he desires to do so.  *Fountain v. Georgia Marble Co.*, 95 Ga. App. 21, supra; *Railway Exp. Agency v. Harper*, 70 Ga. App.

795, 796 (29 SE2d 434); *Davison-Paxon Co. v. Ford*, 88 Ga. App. 890, 891 (78 SE2d 257). Perhaps on another hearing claimant may be able to make proof of such notice, but in the state of the record here the judgment must be reversed.

2. A claim for compensation must ordinarily be filed within one year in order to comply with *Code* § 114-305. Where the claimant himself files his "Application for Hearing" within the statutory period and notice of pendency of the claim is given to the employer, the fact that claimant placed on his claim the notation, "Do not assign my case for a hearing until specifically requested," will not amount to a failure to file in compliance with *Code* § 114-305, even though a hearing is not requested or held within the statutory period. *Bituminous Cas. Corp. v. Mallory*, 63 Ga. App. 714 (12 SE2d 112); *Roddy v. Hartford Acc. &c. Co.*, 65 Ga. App. 632 (16 SE2d 81). Anything that may indicate a contrary conclusion in *Foster v. First Nat. Bank*, 56 Ga. App. 880 (194 SE 225) is not binding on this court since it was a case decided by two judges only. *Yellow Cab Co. v. General Lumber Co.*, 35 Ga. App. 620 (1) (134 SE 190). The cases of *Folsom v. American Mut. &c. Ins. Co.* 48 Ga. App. 831 (173 SE 878) and *Withers v. Fulwood*, 89 Ga. App. 113 (78 SE2d 865) are distinguishable on their facts. A hearing might have been requested by the employer at any time after receiving notice, or the Board might have assigned the claim for hearing regardless of claimant's request. *Ogden v. Clark Thread Co.*, 93 Ga. App. 227 (91 SE2d 191).

*Reversed for the reasons stated in Headnote 1. Carlisle, P. J., and Custer, J., concur.*

DECIDED JANUARY 18, 1962—REHEARING DENIED
FEBRUARY 14, 1962.

*Woodruff, Latimer, Savell, Lane & Williams, John M. Williams*, for plaintiff in error.

*Irwin, Anderson, Smith & Bird, R. Beverly Irwin*, contra.