39527.   CONSOLIDATED UNDERWRITERS et al.
v. SMITH.

DECIDED MAY 28, 1962—REHEARING DENIED JUNE 18, 1962.

*Woodruff, Latimer, Savell, Lane & Williams, John M. Williams,* for plaintiff in error.

*W. F. Blanks,* contra.

NICHOLS, Presiding Judge.   The claimant was originally injured in March, 1959, when he hurt his back when he jumped from a scaffold after losing his balance and notified his employer of such accidental injury, but no claim was filed with the State Board of Workmen's Compensation to recover compensation as a result of such injury during the statutory period. Thereafter, according to the claimant's testimony adduced on the hearing, claimant continued to have trouble with his back when lifting five-gallon cans of solvent, etc., until he was no longer able to continue his work.   On direct examination he was asked if he made a report to his foreman and he answered

that he did and when asked the nature of the report he replied: "I told him, I was having trouble with my back. I told him I couldn't pick up those cans and get upon the scaffold, and I got to where I just couldn't hardly go." On cross-examination he testified that he told his foreman that his back was giving him trouble, and when asked if he ever told him that he had injured his back on the job outside of March 4, 1959, he replied: "I don't know, don't believe, I am not sure of that." No other evidence was adduced to show that the notice required by *Code* § 114-303 was given the employer. As was said in *Fountain v. Ga. Marble Co.*, 95 Ga. App. 21, 22 (96 SE2d 656), "While it is true that the evidence presented at the hearing supported the findings of fact that the employer had notice that the claimant was absent from work due to a back injury, where the employer had no notice that such injury was the result of an event, which took place in the course of the claimant's employment . . . this notice did not comply with *Code* § 114-303." See also *Smith v. Continental Cas. Co.*, 102 Ga. App. 559 (116 SE2d 888); *Complete Auto Transit v. Reavis*, 105 Ga. App. 364 (124 SE2d 491); and *Royal Indem. Co. v. Coulter*, 213 Ga. 277 (98 SE2d 899). There being no evidence adduced to show that the employer had any notice sufficient to put it on notice to make an investigation if it desired to do so, the award granting compensation was not supported by the evidence and the judgment of the superior court affirming such award must be reversed.

What is above held does not conflict with the decision in *Ideal Mut. Ins. Co. v. Ray*, 92 Ga. App. 273 (88 SE2d 428), cited by the board in its award, for, as there held, a back injury is compensable where a sudden injury does not take place (where the disability results from continually lifting heavy objects), but the statutory notice of an accidental injury must be given to the employer.

*Judgment reversed. Frankum and Jordan, JJ., concur.*