40014. CREWS v. GENERAL MOTORS CORPORATION.

DECIDED APRIL 9, 1963.

*J. Richmond Garland, M. T. Hartman, III*, for plaintiff in error. *King & Spalding, William H. Izlar, Jr.*, contra.

JORDAN, Judge. ■ "Compliance with the 30-day notice provision of the Workmen's Compensation Act, *Code* § 114-303, is a necessary prerequisite to the payment of compensation." *Complete Auto Transit v. Reavis*, 105 Ga. App. 364 (1) (124 SE2d 491). "No compensation will be payable unless such notice, either oral or written, is given within 30 days after the occurrence of an accident . . . unless it can be shown that the employee had been prevented from doing so by reason of physical or mental incapacity, or by fraud or deceit, or that the employer, his agent, representative, or foreman, or the immediate superior of the injured employee, had knowledge of the accident, or unless a reasonable excuse is made to the satisfaction of the State Board of Workmen's Compensation for not giving such notice, and it is reasonably proved to the satisfaction of the Board that the employer had not been prejudiced thereby." *Code* § 114-303. In order to comply with the notice provisions of the above Code section the employee or his representative must give "notice of an injury by accident arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does not meet the requirement of the statute." *Royal Indem. Co. v. Coulter*, 213 Ga. 277, 279 (98 SE2d 899).

■

The record in this case discloses that the defendant employer did not have knowledge that the claimant had suffered a heart attack during actual working hours so as to put it on notice of any injury arising out of and in the course of employment and the only evidence relating to the giving of notice by the employee to the employer of said heart attack simply disclosed that the claimant's wife, three days after the claimant had last worked for the defendant, informed the employer through its personnel supervisor that her husband was in the hospital suffering from a heart attack. It is manifest that the giving of such information did not constitute notice of an accident arising out of and in the course of employment within the purview of the *Coulter* case, supra; and there being no other evidence in this regard, the finding of the full board that the notice provision of *Code* § 114-303 had not been complied with was fully authorized. *New Amsterdam Cas. Co. v. Kidd*, 101 Ga. App. 910 (115 SE2d 427); *Consolidated Underwriters v. Smith*, 106 Ga. App. 167 (126 SE2d 465).

■ The employee offered evidence in this case of his physical and mental incapacity after the sustaining of said heart attack in an attempt to show an exception to the requirement of notice of an accident or a reasonable excuse for failure to give notice under *Code* § 114-303 but the full board made no finding as to this issue. Under the decision of this court in *Anderson v. Houston Fire &c. Ins. Co.*, 104 Ga. App. 680 (122 SE2d 589), the failure of the board to make an affirmative finding as to an exception or excuse is tantamount to a finding that none was proven, and where, as here, the evidence does not demand such a finding, this court will not disturb the order of the State Board of Workmen's Compensation denying compensation. *James v. Fite*, 38 Ga. App. 759 (145 SE 536).

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*