40824. COFIELD v. LIBERTY MUTUAL INSURANCE
COMPANY et al.

Decided September 8, 1964.

*Franklin, Barham, Coleman, Elliott & Blackburn, Oris D. Blackburn, Jr., King & Spalding, William H. Izlar, Jr.,* for plaintiff in error.

*Tillman & Brice, B. Lamar Tillman,* contra.

Nichols, Presiding Judge. The award denying compensation is based solely on the ground that the deputy director, and later the full board, found that the notice required by *Code* § 114-303 had not been given to the employer; and the claimant, while

also referring to other statutory grounds of appeal, relies upon the ground: "The facts found by the members do not support the order or decree." *Code* § 114-710 (3).

The findings of the deputy director, approved by the full board, were in part as follows: "I find from the testimony of Rudine Cofield . . . that she sustained an injury to her left foot when she 'stove it under the thread buggy'; that after a few minutes she went to the office and 'reported it' to Mrs. Hart, who was typing, and Mrs. Hart advised her to bathe it in alcohol. . . I find from the testimony of Edith Hart that she does personnel work in the office for defendant and was so employed in December, 1961; that she does not remember claimant telling her she hurt her foot in December, 1961. . ." The deputy director then found that compliance with *Code* § 114-303 is a necessary prerequisite to the payment of compensation, and unless a reasonable excuse is made to appear to the satisfaction of the board no compensation can be paid, and: "In order to comply with the notice provision of the *Code* § 114-303, the employee, or his representative, must give notice of an injury by accident arising out of and in the course of employment, which is not shown here, in mere notice by [sic] employer that an employee is suffering an injury from an accident does not meet the requirements of the statute." In support of the last quoted finding the deputy director cited the case of *Crews v. General Motors Corp.*, 107 Ga. App. 592 (130 SE2d 925), where the sole notice to the employer was a conversation between the claimant's wife and the employer's personnel supervisor three days after the claimant last worked in which the personnel supervisor was informed that the claimant was then in the hospital suffering from a heart attack.

In the present case the testimony from which the finding, with reference to the claimant having "reported it" to Mrs. Hart, was that: "She was sitting there typing and I said, 'Mrs. Hart, I hurt my foot out there on a buggy,' and she said, 'you go to the first aid room and get some alcohol—bathe your foot in that alcohol.' " Accordingly, the present case is not one where the only notice given was that the claimant notified the employer of the disability, and such case is distinguishable from the *Crews*

case, supra, and similar cases exemplified by *Fountain v. Georgia Marble Co.*, 95 Ga. App. 21 (96 SE2d 656), "where the employer had no notice that such injury was the result of an event which took place in the course of claimant's employment."

As was pointed out in the *Fountain* case, supra: "It has been held that the notice required by *Code* § 114-303 need only be that notice that will put the employer on notice to make an investigation if he sees fit to do so. See *Railway Express Agency v. Harper*, 70 Ga. App. 795, 796 (29 SE2d 434), and *Davison-Paxon Co. v. Ford*, 88 Ga. App. 890, 891 (78 SE2d 257)."

The award did not follow the finding of fact since it was based on the erroneous legal theory that the claimant's notice was, as a matter of law, insufficient. The notice which the deputy director found had been given, when considered with testimony of the employer's manager that Mrs. Hart received reports of accidents and "if it is something showing, looks like it is bad or anything, she comes to me or" the assistant manager.

The award of the full board, which in effect affirmed the award of the deputy director, did not follow the facts found and therefore, the judgment of the superior court affirming such award must be reversed.

*Judgment reversed. Hall and Russell, JJ., concur.*