40898. TRAVELERS INSURANCE COMPANY et al. v. CHILDERS.

FRANKUM, Judge. 1. "The workmen's compensation act makes the finding of the board upon the facts final and conclusive, and in the absence of fraud such finding cannot be set aside by any court, if there is any competent evidence to support it. *Code* § 114-710." *Maryland Cas. Co. v. Hopkins,* 71 Ga. App. 175, 177 (30 SE2d 357).

2. "Any competent evidence" as used in the foregoing rule may be supplied by the testimony of nonexpert and lay witnesses, as well as by that of experts, and where the facts testified to by the claimant raise a reasonable inference that the accident claimed to have occurred is causally connected with the disability from which the claimant is suffering, there is some evidence to support a finding in his favor, even though such finding may be unsupported or even contradicted by expert witnesses. *Thomas v. U. S. Cas. Co.,* 218 Ga. 493, 494 (4) (128 SE2d 749).

3. "Where a diseased condition of an applicant for compensation, which existed at the time of the injury, is aggravated or caused to 'flare up' as a result of the injury, and produces a disability which otherwise might not have existed as a result of the injury, the incapacity is caused by the injury, and where the accident arises out of and in the course of the employment, compensation will not be denied upon the ground that the disability is a result of the disease." *Pruitt*

*v. Ocean Acc. &c. Corp.,* 48 Ga. App. 730 (3) (173 SE 238); *Employers Liability &c. Corp. v. Johnson,* 62 Ga. App. 416, 421 (8 SE2d 542); *Maryland Cas. Co. v. Hopkins,* 71 Ga. App. 175, supra.

4. In this case there was testimony by the employee that on May 14, 1963, about one hour before quitting time, he sustained an accidental injury arising out of and in the course of his employment which resulted in a strain or "hurt" to his back; that he continued to work the remainder of the day without reporting the injury to anyone, went home that night, and that while he was at home his back "didn't hurt too bad, just burned some"; that the next day he returned to work and his back, though not hurting him at the time, commenced hurting again shortly after he went to work; that he reported the accident and injury to his supervisor at that time, finished working out that day, and went to the doctor on the next day; that he had not been able to do any kind of work since May 15, 1963, though he had worked for this employer on this job for a period of about nine and one-half years with but one interruption caused by an injury to his back in 1961. Therefore, a finding by the deputy director that the claimant had suffered a compensable injury was authorized by the evidence, even though there was other evidence which showed that the claimant was suffering from an old shrapnel wound in his hip which contributed to his disability and which might have caused such disability at any time, and even though the only medical expert witness merely testified that the injury which the claimant sustained *might* have resulted, or *could* have resulted in the disability which he was suffering. The superior court did not err in affirming the award in favor of the claimant.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

DECIDED OCTOBER 13, 1964.

*Gambrell, Harlan, Russell & Moye, E. Smythe Gambrell, Edward W. Killorin, John K. Train, III,* for plaintiffs in error.

*Ralph Roper, Edgar L. Jenkins,* contra.