### 42141. GRIFFITH v. COGGINS GRANITE INDUSTRIES, INC.

BELL, Presiding Judge. In this case the State Board of Workmen's Compensation found "that the employer received legal notice as required by the Workmen's Compensation Act," and awarded claimant compensation for the death of her husband. On appeal the trial court reversed the board's award, stating in its order that the evidence did not authorize the finding that the notice required by *Code* § 114-303 had been given. The uncontradicted evidence showed that on Friday, April 17, 1964, his last workday, the employee appeared normal and did not complain of any illness at work. Claimant testified that "He went to work as usual and came in, in the afternoon as usual . . . and was well as usual through the night." The employee suffered a heart attack on Saturday morning, while away from work, and died on Sunday morning. The evidence showed that the employer knew of the employee's death, but did not show facts or circumstances sufficient to indicate to the employer that the death was in any way related to deceased's employment. On July 9, 1964, 81 days after the death, claimant orally advised the employer that she was claiming compensation. *Held:*

1. The superior court, to which the case was appealed under the provisions of *Code* § 114-710, had jurisdiction. See *Fidelity & Cas. Co. of N. Y. v. Whitehead*, 114 Ga. App., post.

2. Compliance with the 30-day notice provision of the Workmen's Compensation Act, *Code* § 114-303, is a prerequisite to the payment of compensation. *Complete Auto Transit v. Reavis,* 105 Ga. App. 364 (1) (124 SE2d 491). In order to comply with this Code section, the employee or his representative must give "notice of an injury by accident arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does not meet the requirement of the statute." *Royal Indem. Co. v. Coulter,* 213 Ga. 227, 279 (98 SE2d 899). Mere knowledge that the employee had suffered a heart attack while he was off duty and had died would not be sufficient to put the employer on notice of an injury by accident arising out of and in the course of the employment. See *Employers Mut. &c. Ins. Co. v. Holloway,* 98 Ga. App. 265, 267 (105 SE2d 370); *Consolidated Underwriters v. Smith,* 106 Ga. App. 167, 168 (126 SE2d 465); *Crews v. General Motors Corp.,* 107 Ga. App. 592, 594 (130 SE2d 925). The evidence did not authorize the board's finding that the employer had received the requisite notice.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

ARGUED JULY 7, 1966—DECIDED OCTOBER 19, 1966—REHEARING DENIED NOVEMBER 1, 1966—

*Stewart, Sartain & Carey, Jack M. Carey,* for appellant.
*Heard & Leverett, E. Freeman Leverett,* for appellee.