43076. DUCHESS CHENILLES, INC. v. GOSWICK.

SUBMITTED SEPTEMBER 6, 1967—DECIDED SEPTEMBER 27, 1967.

*McCamy, Minor, Vining & Phillips, Carlton McCamy,* for appellant.

*Mitchell & Mitchell, Warren N. Coppedge, Jr., D. W. Mitchell, Jr.,* for appellee.

FELTON, Chief Judge. ■ There was evidence relative to the employer's notice of the injury as follows: Claimant testified that, after sustaining her alleged compensable injury, she immediately went to her foreman and told him that she thought she "had done something," had hurt herself, and that she needed to go to a doctor; that the foreman had then told her that if she was sick just to go home; that she had tried to tell him how she had hurt herself, but that he walked away and would not listen; that she obtained the foreman's permission to use the office telephone to call a doctor, then later reported to him what the doctor had said; that the employer had sent flowers to her while she was in the hospital shortly after her alleged injury. The employer's foreman testified that he had sent one of the employees to the hospital to see how the claimant was doing. The employer's general foreman testified that, in the presence of and in response to questions by the foreman and himself, the claimant had stated that she didn't know whether or not she had been hurt on the job. The foregoing evidence authorized the finding that the employer had sufficient notice under *Code* § 114-303 (Ga. L. 1931, pp. 7, 43) of an injury which, under the circumstances, might well have been compensable, so as to enable it to make such investigation as it saw fit to do to determine its compensability. See *Railway Exp. Agency v. Harper,* 70 Ga. App. 795, 796 (1) (29 SE2d 434).

■ "Where a diseased condition of an applicant for compensation, which existed at the time of the injury, is aggravated or caused to 'flare up' as a result of the injury, and produces a disability which otherwise *might* not have existed as a result of the injury, the incapacity is caused by the injury, and where the accident arises out of and in the course of the employment, compensation will not be denied upon the ground that the disability is a result of the disease." (Emphasis supplied.) *Pruitt v. Ocean Acc. &c. Corp.,* 48 Ga. App. 730 (3) (173 SE 238); *Travelers Ins. Co. v. Childers,* 110 Ga. App. 466 (3) (138 SE2d 923) and cit. The evidence in the present case is that the claimant had an existing ovarian cyst condition caused, in the doctor's opinion, by adhesions resulting from an operation some 7 years prior thereto. In her work, claimant was required to

handle, move, lift and stack rugs up over her head. She testified that she felt an onset of pain while lifting a rug, whereupon she immediately notified her superiors and obtained medical attention. Although her doctor indicated that her injury was of a type which *could* have happened at almost any time or place, in response to the question, "Do you have an opinion that there was—that it resulted from some hazard connected with her employment?", he replied, "Just the fact that she related it to an occurrence on the job, *yes.*" (Emphasis supplied.) The fact that, if the injury had not occurred at the time and place it did, it might have subsequently occurred in some manner unrelated to her employment, does not negate compensability. It will be noted that the quoted holding from the *Pruitt* case, supra, states that the disability is compensable which otherwise *might* not have existed, which, conversely, means that, allowing for the element of uncertainty in predicting future injuries, the disability might have been incurred under circumstances other than the employment. The above evidence supported the judgment of the board in favor of the claimant and the court did not err in affirming it.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*