### 44124. JACKSON v. U. S. FIDELITY & GUARANTY COMPANY et al.

BELL, Presiding Judge. 1. Compliance with the 30-day notice provision of the Workmen's Compensation Act (*Code* § 114-303) is a prerequisite to the payment of compensation.

*Griffith v. Coggins Granite Industries, Inc.,* 114 Ga. App. 537 (2) (152 SE2d 15). In order to comply with this Code section, the employee or his representative must give "notice of an injury by accident arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does not meet the requirement of the statute." *Royal Indem. Co. v. Coulter,* 213 Ga. 277, 279 (98 SE2d 899).

2. Although a deposition taken by one of the parties to a workmen's compensation case is a part of the file sent to this court, it will not be considered if it was not introduced in evidence before the board. *Smith v. Continental Cas. Co.,* 102 Ga. App. 559 (2) (116 SE2d 888); *Howell v. Federated Mut. &c. Ins. Co.,* 114 Ga. App. 321 (1) (151 SE2d 159). Claimant's deposition was not introduced at the hearing, nor was it stipulated that it would be included as evidence in the record, which by agreement was held open only for the purpose of submitting medical testimony.

3. Eliminating the deposition, the only evidence in the record pertinent to the notice required by *Code* § 114-303 was claimant's testimony as follows: "I was lifting the boxes up, putting them up on the shelf, and another fellow was taking them, and after we got through . . . I told him my back was hurting. . . When I got ready to get up the next morning I could hardly get up to go to work. I got up and went to work and told my bossman my back was hurting. . . He asked me why hadn't I gone to the doctor, so I took off and went on to the doctor." Mention of the fact that claimant had hurt his back in connection with the lifting, made to a fellow employee rather than to claimant's foreman or superior, was not sufficient notice. *Dill v. Ocean Accident &c. Co.,* 95 Ga. App. 60 (3) (96 SE2d 638). Telling his superior the following day merely that his back was hurting was not notice of an injury by accident arising out of and in the course of the employment. *Fountain v. Georgia Marble Co.,* 95 Ga. App. 21, 22 (96 SE2d 656); *Smith v. Continental Cas. Co.,* 102 Ga. App. 559, 560, supra; *Consolidated Underwriters v. Smith,* 106 Ga. App. 167, 168 (126 SE2d 465). The fact that claimant's superior sent him to the doctor was not an admission of notice; and the fact that the doctor found claimant to be suffering from a condition that may have resulted from an accident was not sufficient to con-

stitute the notice which the statute requires. *Complete Auto Transit, Inc. v. Reavis,* 105 Ga. App. 364 (1) (124 SE2d 491). Thus the board's finding that there was no evidence that the requisite notice had been given was authorized. The superior court did not err in affirming the award denying compensation.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*

ARGUED JANUARY 8, 1969—DECIDED JANUARY 28, 1969.

*Moffett & Smith, William P. Smith, III,* for appellant.
*O'Kelley, Hopkins & Van Gerpen, H. Lowell Hopkins,* for appellees.