## 45675. CRYSTAL SPRINGS BLEACHERY v. ROACH.

PANNELL, Judge. This is an appeal from a judgment of the superior court affirming an award of the State Board of Workmen's Compensation. There are two enumerations of error, one on the ground "there is no evidence to support a finding that proper notice was given as required by the workmen's compensation laws of the State of Georgia" and the other on the ground "there is not sufficient competent evidence in the record to support the award." *Held:*

The evidence was sufficient in both particulars complained of and the judge of the superior court did not err in affirming the award of the Board of Workmen's Compensation as against the attack made thereon. The cases of *Complete Auto Transit, Inc. v. Reavis,* 105 Ga. App. 364 (124 SE2d 491); *Consolidated Underwriters v. Smith,* 106 Ga. App. 167 (126 SE2d 465); *Jackson v. U. S. Fidel. &c. Co.,* 119 Ga. App. 111 (166 SE2d 426) do not require a different conclusion here, as in neither of those cases was there evidence that the claimant, while on the job, notified his supervisor *that he had hurt himself,* and sought the supervisor's aid in completing his work, as was true in the present case. This evidence authorized a finding that the employee notified the employer that he had suffered accidental injury arising out of and in the course of his employment.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Deen, Quillian, Whitman and Evans, JJ., concur. Hall, P. J., concurs specially. Eberhardt, J., dissents.*

SUBMITTED OCTOBER 5, 1970—DECIDED JANUARY 22, 1971—
REHEARING DENIED FEBRUARY 22, 1971—CERT. APPLIED FOR.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for appellant.

*John W. Love, Jr.,* for appellee.

HALL, Presiding Judge, concurring specially. *Code* § 114-303 relates to the requirements for giving notice of the accident. There is nothing in the Code section on the form or content of the notice. For many years this court construed the provision as requir-

ing only such notice as "will put the employer on notice of the injury so that he may make an investigation if he sees fit to do so." *Railway Express Agency v. Harper,* 70 Ga. App. 795 (29 SE2d 434); *Davison-Paxon Co. v. Ford,* 88 Ga. App. 890 (78 SE2d 257). However in 1957, the Supreme Court reversed a decision of this court which followed the above stated principle and proclaimed a new rule: "Obviously, the notice required is notice of an injury by accident arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does not meet the requirement of the statute." *Royal Indem. Co. v. Coulter,* 213 Ga. 277, 279 (98 SE2d 899). See Feild and Holley, Workmen's Compensation, 9 Mercer Law Rev. 193, 212-214 (1957); Feild and Kelly, Workmen's Compensation, 11 Mercer Law Rev. 188, 207-209 (1959); Feild and Feild, Workmen's Compensation, 17 Mercer Law Rev. 270, 285 (1965).

In commenting on the *Coulter* test, a Georgia authority on the subject has said that "it is patently unrealistic to require of an employee that he make a highly legalistic and technical statement in order to give proper notice to the employer." Feild and Richardson, Workmen's Compensation, 15 Mercer Law Rev. 229, 248 (1963). In 1959, this court apparently went back to its old rule and ignored *Coulter. Skinner Poultry Co. v. Mapp,* 98 Ga. App. 772 (106 SE2d 825). This produced the following comment: "Obviously, the rigid standard of the Supreme Court is not workable and in the future the Court of Appeals, by utilizing the unlimited means of the 'art of judging,' will continue to implement its own interpretation as to what is adequate notice," Feild and Kelly, Workmen's Compensation, 11 Mercer Law Rev. 188, 208 (1959). In 1964, it was said that there was "a strong indication that the Court of Appeals is gradually 'wending its way' back to the halcyon days that predate *Coulter."* Feild and Sanchez, Workmen's Compensation, 16 Mercer Law Rev. 253-271 (1964).

Dean Feild's hope proved to be illusory however, as we have been inconsistent in this regard. It is true that in many cases this court has "wended its way" back to the pre-*Coulter* days. *Rhodes v. Liberty Mut. Ins. Co.,* 101 Ga. App. 642 (115 SE2d 363); *Employers Liab. Ins. Co. v. Shipman,* 108 Ga. App. 184 (132 SE2d 568); *Bryant v. J. C. Distributors,* 108 Ga. App. 401 (133 SE2d

109); *Employers Mut. Liab. Ins. Co. v. Dyer,* 108 Ga. App. 623 (134 SE2d 49); *Baggett Transportation Co. v. Barnes,* 109 Ga. App. 98 (135 SE2d 343); *Cofield v. Liberty Mut. Ins. Co.,* 110 Ga. App. 225 (138 SE2d 115); *Ga. Pacific Corp. v. Buchanan,* 113 Ga. App. 844 (149 SE2d 831); *Duchess Chenilles v. Goswick,* 116 Ga. App. 384 (157 SE2d 304). It is also true that in an even greater number of cases we have followed the rigid *Coulter* test. *New Amsterdam Cas. Co. v. Kidd,* 101 Ga. App. 910 (115 SE2d 427); *Smith v. Continental Gas Co.,* 102 Ga. App. 559 (116 SE2d 888); *Kresge v. Holley,* 104 Ga. App. 144 (121 SE2d 182); *Anderson v. Houston Fire &c. Ins. Co.,* 104 Ga. App. 680 (122 SE2d 589); *Complete Auto Transit, Inc. v. Reavis,* 105 Ga. App. 364 (124 SE2d 491); *Consolidated Underwriters v. Smith,* 106 Ga. App. 167 (126 SE2d 465); *Crews v. General Motors Corp.,* 107 Ga. App. 592 (130 SE2d 925); *Carden v. Liberty Mut. Ins. Co.,* 108 Ga. App. 829 (134 SE2d 879); *Griffith v. Coggins Granite Industries,* 114 Ga. App. 537 (152 SE2d 15); *Hoard v. Phoenix Assurance Co.,* 117 Ga. App. 383 (160 SE2d 621); *Jackson v. U. S. Fidel. &c. Co.,* 119 Ga. App. 111 (166 SE2d 426). Let it be understood that I concede my performance in some of the above citations is inconsistent.

Perhaps these inconsistencies can be partially explained by the fact that the Workmen's Compensation Board, faced with two different appellate court tests, has sometimes followed the pre-*Coulter* rule of *Railway Express Co.,* supra, and *Davison-Paxon Co.,* supra, and sometimes followed the *Coulter* rule. In turn this court has affirmed the board under the "any evidence" rule when it used these different tests in various cases. With hindsight, however it is clear that this is inconsistent and inapposite to the rule of law. An affirmance under the "any evidence" rule, regardless of which test is used by the board, is in reality an affirmance under an "any law" rule.

In the absence of any subsequent definitive ruling by the Supreme Court, I vote to keep "wending."

EBERHARDT, Judge, dissenting. In view of what is held in *Royal Indem. Co. v. Coulter,* 213 Ga. 277 (98 SE2d 899), by which we are bound, I must disagree. In that case the Supreme Court asserted that "the notice required is notice of an injury by accident arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does

not meet the requirement of the statute."

Dr. Brown, who treated claimant, testified that in giving a history of his injury, the employee related that he had noted the pain in his back during the day, while at work. He diagnosed the problem as a ruptured disc, but could not say what might have caused it; it could have come gradually over a period of years.

Mr. Roach, the employee testified: "I told [Mr. Rex Corry] that I hurt myself. Q. Did you tell him how you hurt yourself? A. He didn't ask me. He just started—he said 'What's the matter?' I just said I'm getting stiff. He started helping me; help me finish the last round. Q. You had back trouble for many years, haven't you? A. No, I got hurt one time, yes sir." He also testified that Dr. Pope, to whom he went for treatment, thought at first that his trouble was bursitis and treated him for that, but later decided that it was a disc. He had reported in as being "sick" in October, November, December and in January—working only some four or five weeks during that period, and made no claim of accidental injury until after the company gave him a separation notice in February because of continued absences from work. He now says that he suffered an injury January 13, 1969, the day he had the conversation with Mr. Corry.

Mr. Rex Corry, the employee's supervisor, testified that on an occasion in January Mr. Roach did say that he had a catch in his back, that he had been to the doctor who had said that it was bursitis in the hip, that he had been given a shot for it and would go back the next day for another, and that he had said nothing about having suffered any accident or hurting himself on the job.

If we take as true the testimony of the employee, it does not meet the test of the *Coulter* case concerning the requirements of notice. He did not tell his supervisor *when, how or where* he had hurt himself. What he says he did could amount to no more than "mere notice that he was suffering [from having hurt himself]." He did not say that it had been accidental. He did not say that it had occurred on the job. This, under the *Coulter* case, "does not meet the requirement of the statute (*Code* § 114-303)."

Judge Hall has written a special concurrence in which is pointed out the rule delineated by the Supreme Court in the *Coulter* case, and has collected our own cases since that time show-

ing that in some of them we have followed the Supreme Court, as the law directs that we must, while in others we have blandly ignored the Supreme Court and followed our own notion as to what the law should be. Whether our notion coincides with that of the Supreme Court or not is immaterial. There can be no consistency or stability in a rule of law if courts below the level of the highest are free to ignore its ruling and roam at will according to their own fancy. The rule of stare decisis, as it applies between that court and those below it, is and should be hard and fast. Otherwise this court and the superior courts, as well as the numerous others down to the justice court, may, according to their own notion or idea as to what the rule in any situation should be, promulgate a dozen—yea, even a hundred—different and varying rules for their own jurisdictions. Is that what we are to have here? How may lawyers now advise their clients concerning this rule? Upon what is the employer and employee to depend? As for me, I think the system under which we are placed by law is the correct one, and so long as I can know and understand what the Supreme Court has ruled in any instance, I shall follow it. My view finds expression in *Southern Bell Tel. &c. Co. v. Parker,* 119 Ga. 721, 728 (47 SE 194), where it was asserted: "While, perhaps, we are authorized to take for granted that statutes are not intended to operate harshly or unreasonably, still we can not ignore the well-established rules of construction, with reference to which statutes must be deemed to have been framed; else we might fall into the error of substituting our own views of the reasonableness of a statute for those of the General Assembly, by which the measure was, supposedly, deliberately discussed and considered before being enacted into law." Rulings of the Supreme Court affording construction of a statute must likewise be honored; they should not be ignored. See *Standard Oil Co. v. Harris,* 120 Ga. App. 768, 769 (172 SE2d 344) and dissent in *Argonaut Ins. Co. v. Almon,* 120 Ga. App. 869, 870 (172 SE2d 624).

"Very weighty considerations underlie the principle that courts should not lightly overrule past decisions. Among these are the desirability that the law furnish a clear guide for the conduct of individuals, to enable them to plan their affairs with assurance against untoward surprise; the importance of furthering fair and

expeditious adjudication by eliminating the need to relitigate every relevant proposition in every case; and the necessity of maintaining public faith in the judiciary as a source of impersonal and reasoned judgments. *The reasons for rejecting any established rule must always be weighed against these factors.*" Moragne v. States Marine Lines, 398 U. S. 375, 403 (90 SC 1772, 26 LE2d 339).

This is not to say that we should refrain from pointing out what we conceive to be error or illogic in a ruling, or an inconsistency, inequity or unfairness, giving reasons, in the expectation that change may come, or find a logical exception to exist. But until a change does come or one can justify an exception to the rule it is our duty to follow it.