## 49131. TERRY v. HARTFORD ACCIDENT & INDEMNITY COMPANY et al.

CLARK, Judge.

In this workmen's compensation case, the employee appeals from the decision of the superior court which affirmed the board's award denying compensation. While the employee alleged his injury arose when he was struck by an eight foot metal slide, the board found otherwise.

This case was heard in the superior court on two separate occasions. Following the first hearing, the court remanded the case to the full board due to "the apparent misinterpretation as to significant medical testimony." The board in turn remanded the case to the deputy director for "additional evidence . . . as to [the] causal relationship between the accident and the disability." With this additional evidence, the board concluded that "While the claimant relates his disability to his accident . . . the re-examination of Dr. Davis by the attorneys on May 2, 1973, shows that he can not relate the abscess to trauma at all by virtue of the fact that it was infectious, that it would not lend itself to be from trauma, that there was no indication of some type of hematoma which would have suggested relationship with trauma and that it appeared to him to be entirely infectious in origin." Accordingly, the board again denied compensation to the employee, as the evidence showed the injury did not stem from the claimant's employment, and he appealed to the superior court once more. The award was there affirmed and this appeal was taken.

1. The evidence supports the board's award. The testimony of the employee's own physician disclosed that the abscess "appeared to be infectious in origin." The witness elaborated, under cross examination: "I can't relate this to trauma at all by virtue of the fact that it was infectious. It would not lend itself to be from trauma. If it were trauma, then I would expect to see some type of hematoma, some type of blood clot, some type of rupture, blood vessels that had been compressed against the chest wall with an accumulation of blood under the skin rather than an infectious type process." Based on this evidence, it was not improper for the board to

conclude that the injury arose neither in nor out of the claimant's employment.

"This court, in reviewing an award by the full board denying compensation, must accept that evidence most favorable to the employer; and if, so viewed, it authorizes an award denying compensation under the provisions of the workmen's compensation act, it must be affirmed." *Austin v. General Accident &c. Corp.,* 56 Ga. App. 481, 482 (193 SE 86); *American Fire & Cas. Co. v. Gay,* 104 Ga. App. 840, 845 (123 SE2d 287).

2. Employee argues that since the board made a finding that the employee related his disabling abscess to an on-the-job accident compensation should have been granted. While the board did so find as to the employee's *allegation,* it concluded that the abscess resulted from infection, not trauma. "The board is the sole judge of the evidence, of the credibility of the witnesses, and as to what evidence it will credit as the basis for an award. [Cits.]" *Employers Fire Ins. Co. v. Walraven,* 130 Ga. App. 41 (202 SE2d 461).

3. Employee also contends the superior court erred in affirming the award since "Where a diseased condition of an applicant for compensation, which existed at the time of the injury, is aggravated or caused to 'flare up' as a result of the injury and produces a disability which otherwise might not have existed as a result of the injury, and where the accident arises out of and in the course of the employment, compensation will not be denied upon the ground that the disability is a result of the disease." In support of this contention appellant cites *Pruitt v. Ocean Accident &c. Corp.,* 48 Ga. App. 730 (3) (173 SE 238); *Travelers Ins. Co. v. Childers,* 110 Ga. App. 466 (3) (138 SE2d 923); *Duchess Chenilles v. Goswick,* 116 Ga. App. 384 (157 SE2d 304); *S. S. Kresge Co. v. Bryant,* 123 Ga. App. 412 (181 SE2d 312). These cases are inapplicable where, as here, there is no evidence that the employee's accident aggravated a pre-existing disease or condition.

4. The superior court did not err in affirming the board.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED MARCH 4, 1974 — DECIDED APRIL 2, 1974 — REHEARING DENIED APRIL 22, 1974.

*Robert T. Efurd, Jr., W. C. Dominy*, for appellant.
*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr.*, for appellees.