## 49730. CAREY v. TRAVELERS INSURANCE COMPANY et al.

MARSHALL, Judge.

Claimant appeals a ruling by the deputy director and State Board of Workmen's Compensation and the superior court that his claim for workmen's compensation be denied for claimant's failure to give timely notice of accident as required by Code § 114-303 and to file a claim within one year thereafter as required by Code § 114-305.

Claimant aggravated a prior back injury when, on June 23, 1971, he ran "flat-footed" across a highway to help an injured fellow employee. During the subsequent eight months claimant was hospitalized twice for operations on his back, and was able to work only intermittently until February, 1972, when he returned to work permanently. However, due to back pain, he could no longer continue work and left the job on October 9, 1972. Claimant's testimony that he notified various supervisors of his employer of the June 23 injury, is directly contradicted by those supervisors. However, the evidence is undisputed that on October 9, 1972, claimant told his foreman, J. C. Yarborough, that he would have to quit work because "his back bothered him again" and required another operation. Claimant filed his claim on May 7, 1973.

Claimant contends that the bending, twisting and climbing that was a part of his job as a lineman were continuous "microtraumas" to his back causing gradual deterioration of certain vertebrae which were already

weakened by a previous injury and operation in 1961. This aggravation he contends is a "new injury" which did not accrue until it forced him to quit work in October, 1972. On that date, he contends, sufficient notice was given to meet the requirements of Code § 114-303 and that date is the commencement of the one-year period for filing his claim under Code § 114-305. *Held:*

1. An award by the State Board of Workmen's Compensation will not be disturbed if there is any competent evidence to support it. *Dollar v. Hunt's Supermarket,* 132 Ga. App. 5 (207 SE2d 208); *Pearce v. Pacific Employers Ins. Group,* 131 Ga. App. 792 (207 SE2d 207); *Davidson v. Fidelity & Cas. Co. of New York,* 108 Ga. App. 51, 52 (131 SE2d 863). Particularly, matters of weight and credit of the testimony and conflicts in the evidence are solely matters for determination by the board. *Brown Transport Corp. v. Jenkins,* 129 Ga. App. 457 (1) (199 SE2d 910); *Travelers Ins. Co. v. Buice,* 124 Ga. App. 626 (185 SE2d 549); *Roper v. General Motors Corp.,* 121 Ga. App. 163 (173 SE2d 240). Here, even though claimant testified that he told three of employer's supervisors about re-injury of his back within a few days after June 23, 1971, all three of these supervisors denied being so told. Therefore, if the injury for which claimant seeks compensation occurred on June 23, 1971, there is evidence to support the finding that claimant did not give timely notice as required by Code § 114-303.

2. If, however, claimant's claim is based on a gradual injury caused by deterioration of his back due to daily work activities, there is authority in Georgia that such injury is compensable. *Mallory v. American Cas. Co.,* 116 Ga. App. 477 (157 SE2d 775); *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (4) (152 SE2d 592); *Employers Liab. Ins. Co. v. Shipman,* 108 Ga. App. 184 (132 SE2d 568); *Shipman v. Employers Mut. Liab. Ins. Co.,* 105 Ga. App. 487 (125 SE2d 72). A question in those cases is on what date the gradual injury became an "accident" for which notice is required and the time period for filing begins to run. Where the evidence authorizes it, the date of the accident has been found to be the date the employee is required to cease work. Nevertheless, even if the date of injury were found to be the date of cessation of work, as

contended by claimant here, the employee is required to give notice that his reason for ceasing work is because of a job-related injury. "Obviously, the notice required [by Code § 114-303] is notice of an injury by accident arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does not meet the requirement of the statute." *Royal Indemnity Co. v. Coulter,* 213 Ga. 277, 279 (98 SE2d 899). See also *Hoard v. Phoenix Assur. Co.,* 117 Ga. App. 383 (160 SE2d 621); *Mallory v. American Cas. Co.,* 116 Ga. App. 477, supra; *Snyder v. Employers Mut. Liab. Ins. Co.,* 115 Ga. App. 111 (153 SE2d 736).

The testimony of claimant as to notice at the time he left work on October 9, 1972, was: "It was about lunch time that day and I'd been hurting all morning and I told him (Mr. Yarborough) due to my back and all that I just couldn't go on no more. I was hurting too bad. And he . . . asked me not . . . to leave because the crew was shorthanded . . . And I just couldn't go. I told him I couldn't go no more, it hurt me too bad, and I went home that day at noon." Mr Ashley, claimant's overall supervisor, testified he was aware that claimant quit because of back problems but did not know how his back had been injured, "but it wasn't anything pertaining to work" as he understood it. Mr. Yarborough testified that claimant came to him on October 9, 1972, and "he told me at that time that he'd been to the doctor and they wanted to put him into the hospital . . . and he had to leave me at approximately noon of that day . . . Q. . . . [D]id he at any time relate his back problems to his job at the company? A. No. It's something that just re-occurred ever so often. His back would get to bothering him and he'd have to have something done about it." The evidence does not in any other respect show that the employer was put on notice that claimant was forced to cease work because of a job-related accident. The purpose of the notice requirement, "to put the employer on notice of the injury so that it may make an investigation if it sees fit to do so" (*Employers Liab. Ins. Co. v. Shipman,* 108 Ga. App. 184, 187, supra) has not been met in this case. See also, *Dudley v. Sears, Roebuck & Co.,* 115 Ga. App. 411 (2) (154 SE2d 699); *Consolidated Underwriters v. Smith,* 106 Ga. App. 167 (126 SE2d 465); *Fountain v.*

*Georgia Marble Co.,* 95 Ga. App. 21 (96 SE2d 656). But see *Crystal Springs Bleachery v. Roach,* 123 Ga. App. 364 (181 SE2d 79).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED NOVEMBER 7, 1974 — DECIDED JANUARY 7, 1975.

*Sarah Mallas Wayman, Hirsch, Beil & Partin, Milton Hirsch,* for appellant.

*Steven E. Marcus,* for appellees.